## PADGETT v. BOSWELL.
### No. 15348.

Court of Civil Appeals of Texas. Fort Worth.

May 16, 1952.

Rehearing Denied June 20, 1952.

Cantey, Hanger, Johnson, Scarborough & Gooch, Peveril O. Settle, Jr., and Charles L. Stephens, all of Fort Worth, for appellant.

Thompson, Walker, Smith & Shannon; Tilley, Hyder & Law and Thos. H. Law, all of Fort Worth, for appellee.

HALL, Chief Justice.

Appellee Gordon Boswell instituted this suit against appellant John W. Padgett in a district court of Tarrant County for the sum of $3,896.85 as indemnity which he incurred for appellant's acts of negligence which were the proximate cause of injuries

sustained by one of appellee's employees, appellee having settled a claim in the above amount; or, in the alternative, appellee alleged that he was entitled to contribution from appellant for one-half of said sum so expended to settle said claim.

Appellant answered by filing his motion to dismiss appellee's suit against him, because: (1) The petition failed to allege a cause of action against appellant; (2) it affirmatively appeared from said petition that appellee's negligence was the sole proximate cause of the injury complained of by his employee, who allegedly sustained injury in appellee's premises on or about November 28, 1947; (3) appellee compromised and settled the claim without making appellant a party to the suit; (4) that appellee was sued by his employee at a time when appellee was eligible to become but was not a subscriber to the Employers' Liability Act of this state which situation deprived appellee of defenses he ordinarily would have had to such suit, such as contributory negligence, assumed risk and negligence of a fellow servant; (5) that appellant would have had available at least the defenses of contributory negligence and assumed risk, which appellee did not have. Therefore, settlement of the claim against appellee, without the knowledge and consent of appellant, deprived him of a constitutional right to defend against such cause of action if, as and when he was sued.

Trial was to the court which rendered judgment against appellant and for appellee in the total sum of $3,896.85, from which appellant brings this appeal, predicated upon fourteen points, covering the above outlined defenses.

The facts are these: Appellee was eligible to become but was not a subscriber to the Employers' Liability Act of this state. In the year 1947, appellee employed appellant to remodel his floral shop. In doing so appellant severed a gas line which was buried through the cement floor underneath the shop, at a time when appellee had disconnected the gas during the summer months. On a Friday in October when appellee turned the gas on, he discovered the leak. He tried to contact appellant but failing to do so, he caused a hole to be dug in the cement floor, located the leak, repaired it, and undertook to fill the hole by loose debris and placed cardboards over the same. On the following Monday morning he called it to the attention of appellant and asked him to fix this hole, whereupon appellant agreed to do so. The hole in the floor in question was in an area other than where appellant was working at the time. About four weeks later, either on November 18 or 28, 1947, one of his employees, Mrs. Nanilou Little, in the pursuit of her employment with appellee, stepped in this depression and sustained serious injuries to her right ankle and leg. This injured employee of appellee brought suit against him, which resulted in a settlement for the sum of $3,250, plus $600 attorney's fees and $46.85 court costs, said amount is the basis for the present law suit against appellant. Appellant was notified by appellee that such suit was pending and asked him to defend it. The deposition of the plaintiff Mrs. Little in her case against appellee was introduced in evidence. The extent of her injuries as testified to by her is sufficient, we think, to support the implied finding of the trial court that the settlement between her and appellee was reasonable, fair and made in good faith.

Under appellee's theory we find the above facts, at most, would classify him and appellant as joint tort-feasors and in pari delicto with each other, in that both knew of the hole but neither did anything about repairing it. At common law, as a general rule, joint tort-feasors have no right of contribution among themselves. Such rule is based upon a theory that the law will leave wrongdoers where it finds them, thus disallowing recovery based upon their own wrong.

Both appellee and appellant to some extent rely upon the holding in the case of Wheeler v. Glazer, by our Supreme Court, 137 Tex. 341, 153 S.W.2d 449, 140 A.L.R. 1301, wherein the rule and its many exceptions are discussed. As there pointed out, the general rule does not apply where the joint tort-feasors are not in pari delicto; neither does it apply where there is a difference between the character of the

wrong and the quality of the conduct of the parties. In the Glazer case there was a question of fact raised as to whether the streetcar company and Glazer, or either of them, exercised ordinary care for the protection of Mrs. Wheeler, who was an occupant of the streetcar. This issue of fact was resolved in favor of the streetcar company and against Glazer. It was Glazer's contention that if the court had instructed the jury, as he requested, to the effect that the streetcar company was required to exercise a very high degree of care for the protection of its passengers and that such failure to so exercise such high degree of care was negligence on the part of said streetcar company and if the jury had made such finding, in that event, under the provisions of Article 2212, R.C.S., he would have been entitled to contribution from the streetcar company for its portion of the amount of judgment rendered in the case. The court held, in substance, that a joint tortfeasor would not have the right of contribution against his fellow tort-feasor where he was primarily responsible for the event which brought about the injury.

Appellee's contention is that while he and appellant are joint tort-feasors as to the injured employee, yet he did not violate any duty owed to appellant. His reason is that since appellant cut the gas line and failed to cap it, such action was the direct responsibility for the injury to appellee's employee.

The substance of appellee's argument is that his action in digging the hole and undertaking to repair it was of a passive nature. Appellee admitted on the stand that the repair work which he did to the floor looked dangerous to him, or quoting his exact words:

"Q. Did it look safe to you? A. No.

*     *     *     *     *     *

"Q. Now, realizing, you say, that that was not safe, yet, you never caused any of your own employes to repair it or do anything about it—that's true, isn't it? A. We considered it Mr. Padgett's job (appellant).

"Q. Well, you, yourself, didn't do anything about it? A. No, sir, except tell my manager to have Mr. Padgett to take care of it."

Yet he allowed this condition to stay in his place of business some four to six weeks prior to the alleged injury of his employee, thus placing him in pari delicto with appellant, if they may be called joint tort-feasors.

We find the reason for appellee's digging the hole was appellant's action in cutting a dead gas line without knowledge that it was to be used later as such, but the primary negligence which caused the injury to appellee's employee was the negligent manner in which he, or his employees, dug the hole in the floor and undertook to cover it up. If appellee had a cause of action against appellant, it would be for the cost of digging the hole, repairing the gas line and repairing the floor to where it was safe, as outlined in the case of Morgan Warehouse & Commercial Co. v. Gilbert Mfg. Co., Tex.Civ.App., 60 S.W.2d 1053, writ refused.

Since we have found that appellee neither alleged nor proved a cause of action against appellant, it is unnecessary for us to discuss other questions presented by both briefs, to-wit: (1) Whether one joint tort-feasor would be entitled to restitution from another joint tort-feasor based solely on a settlement of an unliquidated claim, sued on by the injured party, without the consent of the other joint tort-feasor who knew of the pending litigation but was not a party thereto; (2) as to whether appellee's employee, Mrs. Little, may have had a cause of action against appellant; (3) whether appellee should have impleaded appellant in the original cause of action between him and his employee; and (4) as to whether appellant waived his rights of additional defenses available to him by not intervening in said original suit. These questions are interesting, unique, and to some extent, uncommon to our state jurisprudence.

The negligence, if any, of appellant in cutting the gas pipe in question, and/or later in agreeing to fix the hole in

question but not doing so, did not bring about the admitted negligence of appellee which caused the injury to his employee. Under the law of master and servant or employer and employee, it is the non-delegable duty of an employer to furnish a safe place for the employee to work.

Finding that appellee' failed to allege or prove a cause of action against appellant, the case is reversed and judgment is here rendered that appellee take nothing by his suit.