**R. G. DUKE & SON et al. v. BURK et al.**

No. 4738.

Court of Civil Appeals of Texas. El Paso.

June 14, 1950.

Rehearing Denied July 5, 1950.

618

Strasburger, Price, Holland, Kelton & Miller and Royal H. Brin, Jr., all of Dallas, Harris & Pickett, Midland, for appellants.

John J. Watts, Odessa, Greenlees, Rodgers & Adams, Big Spring, for appellees.

PRICE, Chief Justice.

This is an appeal from the District Court of Glasscock County, Texas. Zuma Burk and Mrs. W. E. Mayo joined by her husband, hereinafter called plaintiffs, brought suit against R. G. Duke & Son, a partnership, and H. A. Vernon for damages alleged to have resulted from the same accident. It was alleged that plaintiffs were driving along U. S. Highway 87 in a car owned by a Mrs. George Hunt, and that said car was struck by a truck alleged to be driven by H. A. Vernon in the course of his employment by R. G. Duke & Son. R. G. Duke & Son was alleged to be a co-partnership composed of R. G. Duke and other unknown partners. Defendants filed pleas of privilege, plaintiffs filed controverting affidavits. Defendant Vernon's residence is in Bexar County, as is the residence and place of business of R. G. Duke & Son. The trial court overruled both pleas of privilege and this appeal was duly perfected. Plaintiffs have filed no brief herein and the case is before this court on the transcript, statement of facts and defendants' brief.

Plaintiffs' controverting affidavit invoked Exception 9 to Art. 1995, Vernon's Ann.Civ.St., alleging a trespass in Glasscock County, Texas. Defendants do not contend that the pleadings of plaintiffs are insufficient to state a cause of action for a trespass committed in Glasscock County.

It urges in general that plaintiffs failed to establish a cause of action, failed in that they failed to prove that defendant Vernon was the driver of the truck which collided with them, failed to prove that Vernon at the time and on the occasion in question was acting in the course of his employment for R. G. Duke & Son or that R. G. Duke & Son owned the truck in question. Their third point of error is as to the admission of statements of the driver as to his course of employment. The proof as to defendant H. A. Vernon being the driver of the truck is a statement of the driver of the truck that his name was H. A. Vernon. It is contended that this is insufficient to establish that H. A. Vernon was the driver of the truck either as to defendant R. G. Duke & Son or as to H. A. Vernon. In our opinion there can be no doubt that this testimony of the Statement of the driver did not prove as against R. G. Duke & Son that the driver of the truck was H. A. Vernon. We are likewise of the opinion that it is insufficient to establish the identity of defendant H. A. Vernon. However, defendants introduced a written statement of an officer stating that H. A. Vernon of 419 Cass Street, San Antonio, was the driver of the truck, that he held a Texas driver's license No. 11915. Defendant placed no limitation on this proper testimony, which was admitted without objection. In our opinion this is sufficient to establish the identity of the driver of the truck as defendant H. A. Vernon.

Defendants' second point of error is that plaintiffs failed to establish that H. A. Vernon at the time and on the occasion in question was acting in the course of his employment by R. G. Duke & Son or that R. G. Duke & Son owned the truck in question. Defendants' statement under this point is as follows:

"Plaintiff Burk's testimony was as follows:

"'Q. * * * How did you know it was a R. G. Duke and Son vehicle? A. I went down to San Antonio and talked to him.

"Q. Who? A. R. G. Duke.

"Q. Was he here at the time of the accident? A. No, sir, but it was his truck and he said to look to the insurance company for it, that he didn't have time to fool with it.

* * * * * *

"Q. You don't know of your own knowledge what kind of vehicle you had the accident with that night? A. Yes, sir.

"Q. Did you go over and look at it? A. I seen it in the bar pit besides me.

"Q. Did you see any lights on it? A. I never looked for any lights.

"Q. How do you know it belonged to R. G. Duke and Son? A. I just got through telling you. He said it was his truck, he told me.

"Q. You are relying upon what Mr. Duke told you, is that it? A. Mr. Mayo and some of the people come over there and got his name.

"Q. But of your own knowledge you don't know what truck it was other than what someone told you, Mr. Duke and Mr. Mayo, is that right? A. That is the only way.' "

Burk further testified, in response to the question:

"Now this truck you spoke of, that was R. G. Duke & Son truck? A. That is what it said."

We think this testimony is fairly susceptible of the construction that the name R. G. Duke & Son was on the truck.

Mrs. Mayo testified:

"Q. Do you know who owned the truck? A. Only just what we were told.

"Q. Just what you were told? A. Yes, sir.

"Q. Who told you? A. The folks there at the hospital.

"Q. That is right. Did you contact anybody in connection with this accident that might have had anything to do with the accident? A. No, sir.

"Q. Did you ever talk to Mr. Vernon? A. No.

"Q. Did you ever talk to Mr. Duke? A. No, sir."

The witness Kiser testified:

"Q. * * * Was there any sign or anything on the truck? A. Yeah, it had * * * I don't remember whether it had Duke & Son, or R. G. Duke and Son.

"Q. But it did have Duke on the truck? A. Yes.

"Q. You questioned the truck driver? A. I did.

"Q. Did he say he was employed by R. G. Duke? A. He said he drove the truck for R. G. Duke; I don't remember whether he said R. G. Duke and Son or not.

"Q. Did he state where he was going at the time? A. He said he was running empty. I never checked the load myself, as I remember, and he was going to the State of Colorado after a load of spuds.

"Q. Did he state to you that he worked for R. G. Duke?"

It is deemed that the statement by the driver of the truck in substance that he worked for R. G. Duke and Son was not binding on the defendant R. G. Duke and Son. An agency of the relation of employer and employee can not ordinarily be established by the unsworn declarations of the employee or agent.

The testimony of the witness Kiser as to the sign on the truck is not very clear. His answer was that it had a sign but he didn't remember whether it was Duke and Son or R. G. Duke and Son; it did have Duke on the truck. Defendants concede that there are cases holding that the marking of vehicles with defendants name is sufficient to make a prima facie showing of ownership and course of employment, citing Globe Laundry Co. v. McLean, Tex.Civ.App., 19 S.W.2d 94; Austin Bros. v. Sill, Tex.Civ.App., 83 S.W.2d 716; J. H. Robinson Truck Lines v. Jones, Tex. Civ.App., 139 S.W.2d 127; Mrs. Baird's Bakery v. Davis, Tex.Civ.App., 54 S.W.2d 1031.

In our opinion the testimony of the witness Kiser, taken in connection with the testimony of plaintiff Burk was sufficient to justify the trial court in applying the principle announced in the cases just cited.

It may be stated as elementary that where a trespass is relied upon to retain venue in the county other than defendant's residence same must be established by a preponderance of the evidence—in short, plaintiff must establish a prima facie cause of action. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Moreland v. Leslie, 140 Tex. 170, 166 S.W.2d 902.

After taking into consideration the evidence as a whole we are convinced that it is sufficient to sustain the trial court's action in overruling the pleas of privilege.

It is ordered that the order of the trial court be in all things affirmed.