**O. B. PINSON, Appellant,**

v.

**Patricia Ann BUSBY by Next Friend,
L. C. Busby, et al., Appellees.**

No. 6978.

Court of Civil Appeals of Texas.

Texarkana.

June 20, 1957.

Rehearing Denied July 18, 1957.

Kenley, Sharp, Ritter & Boyland, Long-view, for appellant.

Howard S. Smith, Sulphur Springs, and Woodrow H. Edwards, Mt. Vernon, for appellee.

DAVIS, Justice.

This is a plea of privilege in a suit for personal injuries brought by L. C. Busby as Next Friend of Patricia Ann Busby, and John C. Harris as Next Friend of Wilma Lois Romaine, arising from an automobile accident in Hopkins County, Texas.

About 7:45 P. M. on the night of November 23, 1956, W. T. Whitehead, Jr., a boy 17 years of age, was driving his 1956 Chevrolet automobile from Winnsboro to Sulphur Springs, Texas, upon and along State Highway No. 11, and was accompanied by two other boys and four girls. As Whitehead reached the top of a small hill, he saw the headlights of a motor vehicle about ¾ of a mile down the road. As he approached the vehicle he dimmed his lights and noticed that the lights on the other vehicle were shining at an angle across the road and to the right of the direction he, Whitehead, was traveling. Whitehead noticed that the lights of the other vehicle were not dimmed as he approached, and when he was near it, he discovered it was lying on its side and part of it was on his, Whitehead's, right hand lane of the highway; he immediately applied his brakes and pulled to his left to avoid a collision. As he pulled to the left, he noticed that bales of hay were scattered on the highway in the immediate vicinity of the vehicle which was a pick-up truck with a trailer attached. He ran over some of the hay before his automobile collided with the pick-up. According to the evidence, the pick-up and trailer were lying across the center stripe of the two-lane highway. There were no flares within the immediate vicinity of the truck and trailer to warn approaching traffic of this hazardous condition at night.

Patricia Ann Busby and Wilma Lois Romaine sustained injuries in the collision for which this suit was brought.

Appellant, O. B. Pinson, filed his plea of privilege, which was timely controverted by appellees. Upon hearing, the court entered an order overruling appellant's plea of privilege, hence the appeal.

Appellant brings forward five points of error contending that the trial court erred in overruling his plea of privilege, because: (1) There was no evidence to prove appellant was the driver of one of the vehicles involved in the collision with appellees, and in the alternative, the evidence was insufficient to prove such issue; (2) there was no evidence to prove appellant was guilty of negligence or violated Article 6701d, Sec. 138(a), subsections 1 and 2, Vernon's Ann.Civ.St., concerning the display of warning devices, and in the alternative, the evidence was insufficient to prove such injuries; (3) there was no evidence to prove appellant was guilty of neg-

ligence proximately causing appellees' injuries in not removing hay from the roadway, and in the alternative, the evidence was insufficient to establish such issues; (4) there was no evidence to show that appellant parked the pick-up and trailer in question on the highway when a distance of less than 15 feet upon the main-traveled portion of said highway opposite his vehicle was not left for free passage for other vehicles; and in the alternative, the evidence was insufficient to prove such issues; and, (5) there was no evidence to show the pick-up and trailer were disabled due to negligence of appellant.

Under the peculiar facts of this case, Points 4 and 5 are without merit and are respectfully overruled.

Whitehead was the only witness who testified in the case. In addition to the facts hereinabove outlined, Whitehead testified that he heard O. B. Pinson tell one of the other boys in the car that he was O. B. Pinson and was the driver of the pick-up. Appellant contends that Whitehead testified on voir dire and on cross-examination that the only way he, Whitehead, knew that Pinson was the driver of the pick-up was that he heard some one say that Pinson was driving the pick-up and such testimony is "hearsay." On voir dire Whitehead testified:

"Q. Did you find out who that person was? Was it heard by you? A. No, sir.

"Q. Who was it? A. Harding Carpenter.

"Q. That's the only way you know, isn't it? A. Yes, sir."

■ This testimony is similar to the testimony on cross-examination. On direct examination, as well as in instances on cross-examination, Whitehead testified positively that he heard a man say, immediately after the collision, that he was O. B. Pinson and was the driver of the pick-up. Such testimony is not "hearsay." 17 Tex.Jur. 528, Sec. 214. That the statement was made was a fact within the personal knowledge of the witness. The statement, if made, was a part of the res gestae, and was admissible. 17 Tex.Jur. 616, Sec. 258; p. 618, Sec. 259; and, p. 620, Sec. 261.

Appellant relies upon the case of R. G. Duke & Son v. Burk, Tex.Civ.App., 233 S.W.2d 617, no writ history, wherein the court held that the statement of the driver of the truck of R. G. Duke & Son was H. A. Vernon was insufficient to establish the identity of the driver who was also sued as a defendant. The Court of Civil Appeals that wrote the opinion did not cite any authority to support them in this holding and their holding to this effect has not been followed by any subsequent reported case that we have been able to find.

■ The trial court filed findings of fact and conclusions of law in which he found that; O. B. Pinson was the driver of the pick-up truck to which a trailer was attached, both loaded with bales of hay, and overturned his pick-up and trailer across the highway; the truck and trailer were in such position together with the bales of hay which were on the pavement in the immediate vicinity of the truck that the traveled portion of the highway was blocked; * * Pinson failed to remove the hay, pick-up and trailer obstructing the highway immediately after his vehicle overturned and before the collision in question; Pinson failed to put out flares immediately after his vehicle was overturned in violation of Article 6701d, Sec. 138(a) 1, V.A.C.S.; Pinson failed to place three lighted flares approximately 100 feet in advance of his vehicle and approximately 100 feet to the rear of his vehicle immediately after his vehicle overturned in violation of Article 6701d, Sec. 138(a) 2, V.A.C.S.; Pinson's acts were negligence; and the appellees sustained injuries as a result of the negligence. These findings of fact are supported by evidence of probative force.

The trial court concluded, among other things, that an exception to the exclusive venue statute existed in this case by virtue of Secs. 9 and 9a of Article 1995, V.A.C.S. of Texas.

The defendant did not testify, neither did he offer testimony or evidence to refute the testimony of the witness Whitehead. Appellees challenge the holdings in the case of R. G. Duke & Son v. Burk, supra, and rely upon the following cases in support of their contention that the evidence is sufficient to establish the identity of Pinson and that an exception to the venue statute exists in this case: Eilar v. Theobold, Tex.Civ.App., 201 S.W.2d 237, no writ history; Wissmann v. Pape, Tex.Civ.App., 297 S.W.2d 703, no writ history; and Denham v. Smith, Tex. Civ.App., 258 S.W.2d 419, no writ history. The Eilar v. Theobold case, supra, is a venue case. It has a similar factual situation to this case involving the question of identity. We quote from it at page 238 of 201 S.W.2d:

"It is uncontradicted that appellee met a man in a cafe at Brady by the name of P. O. Eilar, and appellant's name is P. O. Eilar. In the absence of proof to the contrary it will be presumed that the man appellee met in the cafe at Brady was the appellant. Chamblee v. Tarbox, 27 Tex. 139, 84 Am. Dec. 614.

"In Davidson v. Wallingford, Tex. Civ.App., 30 S.W. 827, 828, it is said:

"'It has been decided in this state that it is error to submit to the jury the question of identity when the names are similar, and there is an absence of evidence creating doubt of the identity of the person bearing the name. It is said that "The similarity of names ought to be sufficient in every case, and the jury, if instructed at all, ought to be told so."'"

The case of Wissman v. Pape, supra, seems more closely in point and it supports the trial court's findings in this case. The Denham v. Smith case, supra, is another case involving the question of identity. The only evidence offered by plaintiff as to identity was papers bearing defendant's name found in the automobile, and the driver was alone in the automobile. (We will note here that the evidence in this case makes reference to only one man at the scene of the accident and he was the man who said he was O. B. Pinson and the driver of the pick-up.) We quote from the opinion in the Denham case, 258 S.W.2d at page 422:

"It cannot be disputed that the fact that insurance papers bearing the name of W. H. Denham were found in the automobile was admissible as evidence on the issue of the identity of the driver, and since the driver was alone in the automobile there is some evidence of his identity. It is not disputed that the name W. H. Denham found on the insurance papers is the name of appellant, but the argument is that the fact standing alone was not sufficient evidence to show that he was the driver of the automobile.

\* \* \* \* \* \*

"Of course the burden of proof was on the appellee to establish that appellant was the driver of the automobile involved in the collision. Such proof is limited to the name found on the insurance papers and the fact that appellant did not testify and offered no evidence. Such failure lends probative force to the evidence that appellant's name was found on the insurance papers in the automobile. 17 Tex.Jur., p. 306, Sec. 87.

"The unexplained presence in the automobile of insurance papers bearing appellant's name together with the fact that there was only one person in the automobile at the time of the collision is some evidence of the identity of the driver at the time. In the final analysis this evidence renders it more probable that appellant was such driver than that he was not. In this state of the record we think appellee's proof was sufficient to sustain a finding that appellant was the driver of the automobile involved in the collision. 30 Tex. Jur. p. 597, Sec. 13."

Point 1 is overruled.

By Points 2 and 3 appellant challenges the sufficiency of the evidence to establish any violation of Subsecs. 1 and 2 of Sec. 138(a) of Article 6701d of the Revised Civil Statutes of Texas, or that appellant was negligent in not removing the hay from the road. This, to the writer of this opinion, is a serious question. There is no evidence that appellant had sufficient time to comply with the provisions of Art. 6701d in putting out flares, or to remove the hay. Yet, there were no flares and the hay was upon the road. Appellant made no effort to explain his failure to comply with the statute. Appellant was up and about the scene of the accident, talking with the people in the Whitehead automobile immediately after the collision, and not the slightest indication that he had been injured when his pick-up had overturned. We think the authorities cited under Point 1 of this opinion, coupled with his silence, will support the presumption that he was not only the driver of the pick-up, but also, that he failed to comply with the statutes. Points 2 and 3 are overruled.

Finding no error in the record, the judgment of the trial court is affirmed.