Onis L. LOYD and Paul V. Splawn, Appellants,

v.

RUMBAUGH TRUCKING COMPANY, Appellee.

No. 5279.

Court of Civil Appeals of Texas.

El Paso.

April 23, 1958.

Rehearing Denied May 21, 1958.

Jerome J. Pope, Houston, W. R. Barnes, John J. Watts, Odessa, for appellants.

McDonald & Shafer, Odessa, Turpin, Kerr & Smith, Midland, for appellee.

WILLIAMS, Justice.

Onis L. Loyd and Paul V. Splawn sued Rumbaugh Trucking Company for alleged injuries growing out of an automobile-truck collision occurring on the highway in Ector County, Texas. Splawn was driving the vehicle that collided with the truck, and Loyd was riding in the right front seat. The defendant's tractor-trailer was stopped on the main traveled portion of the highway, heading in the same direction as plaintiffs were proceeding, and plaintiffs collided with the rear end of said truck. The plaintiffs brought separate suits, but same were consolidated for trial and the cause was submitted to the jury by the submission of 74 special issues. The trial court disregarded the answer of the jury to Special Issue No. 1, as is hereinafter discussed, and sustained defendant's motion for judgment against both the plaintiffs. The original plaintiffs are appellants herein, and the defendant, appellee, and will be so referred to. Appellant Splawn (driver) was found guilty of three separate acts of contributory negligence, which proximately caused the collision.

Appellants rely on six points of error which are, in substance, as follows:

Point 1: The trial court erred in permitting defendant's counsel to use an alleged statement for impeachment purposes, which he would not permit plaintiffs' counsel to inspect.

Point 2: The trial court erred in permitting use of a statement on cross-examination supposedly taken from the witness while under the effects of shock and sedatives.

Point 3: The trial court erred in disregarding the answer to Special Issue No. 1.

Point 4: The trial court erred in not permitting counsel for plaintiffs to propound certain questions to witness Rumbaugh, involving the illegality of the truck movement in question.

Point 5: Appellants urge that if the trial court was correct in its assumption that Issue No. 1 did not correctly submit statutory negligence, then, they say, the verdict was incomplete, and a mistrial should have been ordered as to appellant Loyd.

Point 6: The trial court erred in not admitting certain so-called expert testimony offered by appellants.

## Point 1

J. G. Manning was called as a witness by appellants. It developed that Manning was in the car with appellants at the time of the accident. He had employed an attorney and had expected to file suit against appellee. He was a fellow employee of appellant Loyd. Obviously, he cannot be classed as adverse witness to appellants. While on the stand, he admitted that he had made a written statement while in the hospital, some two or three days after the accident, to one Frank Taylor, who was shown to be an employee of appellant Loyd's employer. On direct examination he testified that he thought the speed of the car in which he was riding was 20 or 25 miles an hour. On cross-examination appellee's attorney, purporting to be reading from the statement mentioned above, asked the witness if he remembered, in answer to the question in the statement:

"About how fast would you say Mr. Splawn was driving",

saying,

"I don't figure he was going too fast. I never did look up there, but I would say between 30 and 40."

Witness said he did not remember making such a statement, and no effort was ever made to introduce same into evidence, or to show that the answer was, in fact, given. We therefore see no error in the trial court's not requiring appellee's attorney to show this statement to appellants' attorney. Appellants' attorney cites us no authority holding that it was error, and we think Bayshore Bus Lines v. Cooper, Tex.Civ.App., 223 S.W.2d 77, is to the contrary. See, also, United States v. Dilliard, 2 Cir., 101 F. 2d 829, at page 837, certiorari denied 306 U.S. 635, 59 S.Ct. 484, 83 L.Ed. 1036. Certainly injury is not shown under Texas Rules of Civil Procedure, Rules 434 and 503.

Witness admitted making a written statement, but claimed he was under the influence of sedatives and shock, and could not remember certain parts of it. Therefore, we feel that this condition went only to the weight of the instrument, and did not render the use of it by appellee's attorney unlawful. Points 1 and 2 are overruled.

Points 3 and 5 are related and will be discussed together. Special Issue No. 1 was as follows:

"Do you find from a preponderance of the evidence that the failure of defendant's employees as were present upon the occasion in question to place a lighted fusee or electric lantern at a distance of approximately 100 feet to the rear of defendant's stalled vehicle was a proximate cause of the collision herein?"

to which the jury answered "Yes."

By Special Issue No. 3, the jury found this failure not to be negligence.

Appellee objected to Special Issue No. 1 for many reasons, among them that it assumed many things against the appellee and imposed on him a much greater burden than required by law, in that it placed the same duty upon all of defendant's employees, whereas Art. 6701d, Vernon's Ann. Civ.St. placed a duty on only the operator. Appellee also specially excepted to the issue because it purports to be based on a violation of Article 6701d:

"but said Special Issue does not follow the terms of said statute, and therefore could not be such an inquiry as plaintiffs undertake to make it in this * * *"

"In order for an act to be negligence per se when based upon a violation of a statute, the inquiry must follow the language of the statute, which said special issue fails to do."

The jury found that appellee's operator and swamper (operators of its truck) were acting in an emergency by Special Issue 66, and by Issue 67 it found that after the emergency arose, the operators exercised ordinary care. In fact, the jury found all issues, except Issue No. 1, against plaintiffs.

Appellants contend that Issue No. 1, found appellee guilty of primary negligence and negligence as a matter of law, although he cites us, in his brief, absolutely no authority for this proposition, and gives us no argument in that regard, other than to quote from an amended pleading setting up Section 137(a) of the Article 6701d of the Uniform Traffic Laws of Texas. The quoted part sets up that a truck, under circumstances such as these, should carry on it certain fusees, flares, electric lanterns, etc. They then point out that this truck was not so equipped, and, therefore, was guilty of negligence per se. Special Issue No. 1 was evidently designed to cover a violation of Section 138, Article 6701d, V.A.T.S., which deals with the placing of lights on the highway, and not Section 137. We hold that Issue No. 1 was not submitted in such a manner with its answer as to constitute negligence per se, and that the trial court did not err in disregarding same.

1. It was not in the form of the statute it purported to submit;

2. It placed a duty on all of the defendant's employees, instead of on the driver only. Sec. 138, Art. 6701d, V.A.T.S.;

3. It did not inquire if operator had had time to place lights (was excused for not doing so). Swann v. Wheeler, Tex.Com. App., 126 Tex. 167, 86 S.W.2d 735 (adopted Sup.Ct.); Phoenix Refining Co. v. Powell, Tex.Civ.App. San Antonio, 251 S.W.2d 892 (n. r. e.); 41B Tex.Jur. 523, sec. 416.

We also hold that the burden was on the appellants to get the essential issues submitted to the jury and answered in their favor in order to receive a judgment. We think that Special Issue No. 1 did not meet this requirement, and that a judgment, therefore, could not be rendered for appellants, or either of them, and we further hold that the court did not err in not declaring a mistrial. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, at page 991; Meacham v. Loving, Tex., 285 S.W.2d 936.

Appellants' Points 3 and 5 are overruled.

Point 4 complains of the trial court's refusing to admit certain evidence, but the evidence is not set out, as required by Rule 418; nor does it set out the particular ruling of the court complained of. We do not think the brief shows error on the part of the trial court, and Point 4 is overruled. Commercial Travelers Casualty Co. v. Perry, Tex.Civ.App., 281 S.W.2d 130; Rule 418.

### Point 6

By Point 6 appellants complain that the trial court erred in not admitting the testimony of the witnesses Humphrey and Rice. Appellants assert and assume that these witnesses were expert truck drivers and, therefore, should have been permitted to testify to such questions as:

"Say you are going along and shifted gears, you can tell, can you not, from your experience with a truck, whether you are about to stall?"

"Do you know from your knowledge based on your experience when a truck is about to stall, whether there is time enough to drive off the pavement, if a truck is moving down the highway?"

Each of these witnesses testified that he had had some experience driving a truck, but neither had driven the type of truck involved in this accident. The necessity of establishing an expert witness' qualifications is discussed in: Texas Law of Evidence, 2d. Ed., Vol. 2, sec. 1401, McCormick & Ray. Neither witness was shown to possess any knowledge superior to that possessed by the average juror as to the propounded questions. Union Bus Line v. Moulder, Tex.Civ.App., 180 S.W.2d 509.

We do not think the trial court abused its discretion in disallowing this testimony. Maddox v. Gulf, Colorado & Santa Fe Ry. Co., Tex.Civ.App., 293 S.W.2d 499 (n. r. e.). Point 6 is accordingly overruled.

Finding no error in the action of the trial court or its judgment, same is affirmed.