Otto SHOFNER et al., Appellants,

v.

Lloyd McKEY, Appellee.

No. 13719.

Court of Civil Appeals of Texas.

San Antonio.

April 12, 1961.

McDonald, Spann, DeAnda & Edwards, Corpus Christi, for appellants.

Lewright, Dyer & Redford, Corpus Christi, for appellee.

MURRAY, Chief Justice.

This suit was instituted by Otto Shofner, his wife and daughter, and Contractors Machinery Company, against Lloyd McKey, seeking to recover property damage and personal injury damage, growing out of an automobile collision between an automobile driven by Otto Shofner and one driven by Lloyd McKey. The jury, in answer to Special Issues submitted, found that McKey was negligent in failing to keep a proper lookout, failing to maintain control of his car, driving at an excessive rate of speed, and failing to yield the right-of-way, all of which were proximate causes of the collision. They further found that he failed to turn to the right, but that such failure was not the proximate cause of the collision. The jury further found that plaintiff Shofner was driving at an excessive rate of speed and failed to apply his brakes, and that such acts were proximate causes of the collision. In keeping with these findings of

the jury the plaintiffs were denied any recovery, and McKey was allowed to go hence without day. From this judgment Otto Shofner, his wife, Mary Wade Shofner, his daughter, Sarah Ann Shofner, and Contractors Machinery Company have prosecuted this appeal.

Appellants' first point presents the contention that the trial court reversibly erred in failing to submit their requested special issues presenting the theory of discovered peril. We overrule this contention. An examination of this record reveals that neither the pleadings nor the evidence raised the issue of defendant's liability on the doctrine of discovered peril. It is a well settled rule that both the pleadings and the evidence must raise the doctrine of discovered peril before the court is required to submit issues upon this independent theory of recovery.

The only allegations of the petition which could possibly have raised the doctrine of discovered peril read as follows:

"The collision in question and the injuries and damages to the Plaintiffs were caused by the joint and concuring and/or individual negligence of defendant Lloyd McKey in the following specific details:

"1. Lloyd McKey drove faster than was reasonable and prudent under the circumstances.

"2. Lloyd McKey drove his vehicle faster than the legal speed limit at the time and place in question.

"3. Said Lloyd McKey failed to reduce his speed in a sufficient time to approach a dangerous intersection with safety.

"4. The car being driven by Lloyd McKey was not kept under proper control and failed to make proper application of the brakes.

"5. The said Lloyd McKey failed to turn his vehicle so as to avoid a colli-

sion and failed to use the means within his command to avoid same.

"6. It was negligence for Lloyd Mc-Key to cause his car to go across the center stripe over on the Shofner side of the highway where the collision occurred.

"7. Lloyd McKey was negligent in failing to keep a proper lookout at the time and place in question.

"8. Lloyd McKey was negligent in that he drove his automobile on the public highway without a driver's license. The above acts and failures to act were jointly, individually and concurrently a proximate cause of the collision."

These allegations fall far short of alleging the elements of discovered peril and raise nothing more than ordinary negligence.

Rule 279, Texas Rules of Civil Procedure, requires the court to submit the controlling issues made by the written pleadings and the evidence (with some exceptions not relevant here). The written pleadings do not raise the issue of discovered peril and therefore the court did not err in refusing to submit the issues requested by appellants relating to the doctrine of discovered peril. East Texas Theaters v. Swink, 142 Tex. 268, 177 S.W.2d 195, reversing Tex. Civ.App., 173 S.W.2d 224.

This brings us to a consideration of whether there was any evidence of probative force to raise the issue of discovered peril although not plead. The evidence shows that on or about August 18, 1957, Otto Shofner, accompanied by his wife and daughter, was driving an automobile belonging to his employer, Contractors Machinery Company on Highway 238, going to Port Lavaca, which was in a northeasterly direction. That Lloyd McKey was driving in a southerly direction on Highway 238, going away from Port Lavaca, and intending to take Highway 316 to Magnolia Beach. According to the testimony of both Shofner and McKey, these two automobiles collid-

ed just north of where Highways 316 and 238 form a "Y" intersection, one prong going straight ahead, to Magnolia Beach, and the other prong turning to the west, and going to Seadrift. The Shofners had been to Seadrift and were returning to Port Lavaca. Lloyd McKey and two of his friends had left Port Lavaca and were on their way to Magnolia Beach. The afternoon was clear and bright, the country level, visibility good and the pavement dry. Shofner testified that when he arrived within two or three hundred yards of the "Y" intersection, he saw the McKey car approaching him some 450 yards away. He was traveling at about 40 or 50 miles per hour, and the McKey car was coming awfully fast. He further testified that at all times he could see this car out of the corner of his eye, but he didn't watch it closely. When he got within 100 or 150 feet from the intersection, he saw the McKey car still coming toward the intersection at a very fast speed. However, he did not put on his brakes or reduce his speed, and was able to reach the intersection ahead of the McKey car, cross over in front of it, and straighten up and head toward Port Lavaca before any collision occurred. Shofner stated that when he crossed the middle section line which extended from Highway 238 into Highway 316, he had a feeling that he might have a collision. But he testified positively, that at the time he passed this dangerous point the McKey car was some 100 feet north of him, and after he had straightened up and was proceeding along the east side of Highway 238, some distance north of the intersection, McKey evidently lost control of his car and came across the middle section line of Highway 238 and struck him a side-swiping blow which caused his car to turn over and roll. It seems that there was an official map of the highways introduced in evidence, and also a number of pictures of the wreck and other exhibits, none of which are brought forward by appellants. We have not had an opportunity to examine these exhibits. Shofner was asked to locate the point of the collision on the official map introduced

in evidence below, which he did, and marked such point "p", for point of impact. The trial court of course knew where this point of collision was marked by Shofner, but this Court does not. The testimony of McKey as to where the collision occurred is not very different. He testified that he was going south on Highway 238, intending to go straight ahead into Highway 316 and on to the coast. When he was about 100 or 150 feet from the "Y" intersection one of the boys with him, named Paul, noticed the Shofner car approaching the same intersection at a high rate of speed and called it to his attention. He took his foot off the gasoline accelerator and applied his brakes for some distance, which he estimated to be 100 or 150 feet. He was able to reduce the speed of his car until it was almost stopped at the point of impact. He was attempting to pull his car to the right, but there was a telephone post which prevented him from pulling any further to the right. That while he was thus engaged, the Shofner car and his car collided. He placed the point of impact at 19 steps or 57 feet north of where the "Y" section begins. He was certain about this as he stepped it off. McKey was shown pictures taken at the scene of the wreck showing the damaged cars and skid marks on the pavement. Some of these skid marks were identified by McKey as made by his car and others that were not made by his car. These pictures were introduced in evidence below, but are not in the record here.

■ According to the undisputed evidence, this collision did not occur at an intersection, but upon a straight highway, where if each car had stayed on its proper side of the highway there could have been no collision. It is the contention of Shofner that the McKey car crossed the center stripe and came onto his side of the highway, thus causing the collision. The jury so found. Both parties agree that if neither car had crossed the center line there would have been no collision. Under such circumstances, the question of discovered peril was not raised by the evidence.

■ We are well aware of the general rule that in considering the question of whether discovered peril was raised by the evidence we must interpret the evidence in the manner most favorable to the appellant, and disregard all evidence and inferences favorable to appellee, and if having done so there is evidence of probative force from which the jury might have answered all of appellant's six requested special issues on discovered peril favorable to him, then it would have been the duty of the trial judge to have submitted such special issues to the jury. Welch v. Ada Oil Company, Tex.Civ. App., 302 S.W.2d 175; specially approved by the Supreme Court in Morreale v. Cohen, 158 Tex. 291, 310 S.W.2d 737. The statement of facts herein purports to be only a partial statement of facts. The only testimony brought forward is the Q. and A. of O. S. Shofner, appellant, and Lloyd McKey, appellee. The exhibits from which the parties testified were not brought up, either separately or as part of the statement of facts.

■ We have read the entire statement of facts and find it very difficult to give meaning to much of the evidence, due to the absence of the exhibits. Apparently the parties were testifying with the official map of the highway, as well as pictures and other exhibits, before them. You find much testimony reading like this: My car was over here, his car was over there, he was going this way, I was going that way, which of course is meaningless to us. It was the duty of appellant to file a statement of facts herein which would demonstrate to this Court that the trial court erred in not giving his requested special issues on discovered peril. This he has not done and the confusing testimony which has been brought forward does not indicate that the trial court erred in refusing the requested special issues.

■■ Furthermore, the doctrine of discovered peril is based upon the humanitarian doctrine that a person should use ordinary care to avoid injuring another where

he discovers the person in a position of peril from which he cannot or probably will not extricate himself. It should not be applied where each party discovers the other in a position of peril and each realizes that the other cannot or probably will not extricate himself from such position of peril, and each can, by the use of ordinary care, prevent injury to the other.

Here Shofner discovered the approach of the McKey car when he, Shofner, was 200 yards or more from the intersection and kept it within his vision from that time up until the collision. McKey did not discover the approach of Shofner until he was from 100 to 150 feet from the intersection. It must have been apparent to both that there would be an intersectional collision unless something was done by one or the other to avoid such collision. Shofner admits that he did nothing, but perhaps insist upon his right-of-way, because he was approaching from McKey's right. There were no stop signs, yield the right-of-way signs, or traffic lights controlling either driver. It is true that McKey was called upon to yield the right-of-way, and there is no question but that Shofner had the right-of-way. This would have a bearing only upon the question of ordinary negligence. Each thought he had the right-of-way. Shofner, because he was approaching from McKey's right, and McKey, because he was going straight ahead and not going to make a turn. He thought Shofner was approaching from a side road. All of this has little to do with the discovered peril doctrine.

■ The testimony of Shofner as to how this collision occurred is something more than just ordinary testimony. It is in the nature of an admission which is binding upon him unless withdrawn or explained.

In 50 A.L.R. p. 980, it is stated:

"An examination of the decisions reveals that when a party testifies to positive and definite facts which, if true, would defeat his right to recover **or** conclusively show his liability, and such statements are not subsequently modified or explained by him so as toi show that he was mistaken although testifying in good faith, it has generally been held that he is conclusively bound by his own testimony, and cannot successfully complain if he is non-suited or the court directs a verdict against him."

And, again, on page 982, it is stated:

"However, it has been held that, where it is evident from the nature of the testimony that the party could have been mistaken as to the facts, it is error to direct a verdict against him when there is other evidence that the facts are different."

■ Here the only other evidence is that of McKey, and he corroborates the testimony of Shofner that the collision occurred north of the intersection. He testified that he stepped off the distance from the point of impact to where the intersection begins and found it to be 19 steps or 57 feet. 41–B Tex.Jur., Trial, Civil Cases, § 196, pp. 235–237. McKey further testified that immediately after he discovered the danger he took his foot off the gas accelerator and applied his brakes, laying down skid marks from this point to the point of impact, and that he had brought his car almost to a stop 19 steps or 57 feet from the intersection. It it quite apparent that while he was doing this, Shofner drove his car through the danger zone and to a point some distance north of the intersection. The trial court did not err in failing to submit to the jury the doctrine of discovered peril where the undisputed evidence showed that both parties had an equal opportunity to prevent the intersectional collision by the use of ordinary care, and that McKey did use such care and did avert the intersectional collision, but that Shofner, who is here insisting that the doctrine of discovered peril as to McKey should have been submitted, admittedly did nothing to avoid such intersectional collision although he had discovered the peril.

The undisputed evidence shows that the collision actually occurred some distance above the intersection.

■ Appellants' second point is that the trial court erred in not setting aside the answer of the jury to Special Issue No. 38, that Sarah Ann Shofner is not entitled to any monetary compensation for her injuries received in the collision, and in not granting appellants a new trial. There was evidence that Sarah Ann Shofner was injured to some extent in the collision, and as she was only a passenger in the Shofner car, she was not precluded from recovering by reason of the contributory negligence of her father and driver of the car in which she was riding. The finding of the jury that Sarah Ann Shofner was not entitled to any monetary compensation for the injuries which the undisputed evidence shows she did sustain, is contrary to the evidence and is unsupported by the evidence. The trial court should have set this answer of the jury aside and granted her a new trial as to the amount of her damages.

Accordingly, the judgment wherein it, by implication, denies any recovery to Sarah Ann Shofner will be reversed and the cause remanded as to her. That part of the judgment which denies any recovery to Otto Shofner, Contractors Machinery Company and, by implication, to Mary Wade Shofner (Mrs. Otto Shofner) is in all things affirmed.

The costs of this appeal will be paid equally by Otto Shofner, Mary Wade Shofner, and Contractors Machinery Company, on the one hand, and Lloyd McKey on the other.

Affirmed in part, reversed and remanded in part.

BARROW, Justice.

I concur in the result for the reason that I do not believe that appellants' pleading is sufficient to support the discovered peril issues requested.