Tracy L. FREEMAN, Appellant,

v.

Nathan CANTERBURY, Appellee.

No. 3826.

Court of Civil Appeals of Texas.

Waco.

May 25, 1961.

Lewis D. Fisher, Ben H. Grumbles, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, S. G. Kolius, Gibson Gayle, Jr., Houston, of counsel, for appellee.

WILSON, Justice.

Plaintiff appeals from a take-nothing judgment based on a jury verdict in a rear-end automobile collision case. He contends jury findings of unavoidable accident, and which acquit defendant of negligence, are contrary to the overwhelming preponderance of the evidence.

Rain had caused the street to become slick. Defendant's car was traveling approximately 25 miles per hour, and upon application of brakes, his automobile skidded into that of plaintiff which was stopped at an intersectional traffic light. Having reviewed the evidence, we overrule the points. Another finding as to damages, complained of, thereby becomes immaterial under the record. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334, 335; Brown & Root v. Haddad, 142 Tex. 624, 180 S.W.2d 339, 342; Thompson v. Robbins, 157 Tex. 463, 304 S.W.2d 111, 117.

Reversal is sought because of a question propounded on cross examination to plaintiff's wife. She was asked whether she knew that the doctor she consulted concerning her complaints was suspended by the county medical society. She replied in the negative. We find no specific ground of objection to the question. Plaintiff himself later called this doctor as a witness and elicited from him that at the expiration of a two-year probationary period his application for membership in the society was rejected, and that his application was again pending for an additional probation-

ary period which had not then expired. The doctor was asked to state why he had not been accepted for membership; defendant objected that this called for hearsay; the court indicated that an answer—if not based on hearsay—would be admitted, and the interrogation was thereupon abandoned. The record does not show the court excluded the answer, as appellant contends. The evidence to which appellant's contentions relate, under this record, primarily concern the credibility of this medical witness. His testimony, in turn, is primarily pertinent to the damage issue—an issue which is immaterial under the jury findings. Under the entire record, the points present no reversible error. 1 McCormick and Ray, Evidence, Sec. 27, p. 27; 41-B Tex.Jur., Sec. 151, p. 181; 4 Tex.Jur.2d Sec. 941, p. 575; Sec. 942, p. 578, n. 9.

Affirmed.