Alton P. BUICE, Appellant,

v.

HICKS BUILDING & EQUIPMENT COM-
PANY, Inc., et al., Appellees.

No. 4146.

Court of Civil Appeals of Texas.

Waco.

June 27, 1963.

Rehearing Denied July 18, 1963.

Edwards & Faulkner, Waco, for appellant.

Naman, Howell, Smith & Chase, Waco, for appellees.

Jones, Boyd, Westbrook & Lovelace, Waco, for Intervenor.

McDONALD, Chief Justice.

This is an intersection collision case in which a take-nothing judgment was rendered against plaintiff on a jury verdict.

Plaintiff Buice was driving east on Speight Avenue in Waco, Texas. Defendant Fritzie was driving south on 26th Street. There was a stop sign for traffic travelling south on 26th Street. The collision occurred in daytime on a rainy day.

Plaintiff alleged that various acts of negligence of defendant caused the collision. Defendant answered by general denial and alleged contributory negligence on the part of plaintiff. Trial was to a jury which, in answer to issues submitted, found:

1A) Plaintiff received injuries to his body as a result of the accident.

1) Defendant did not fail to keep a proper lookout.

3) Defendant did not fail to stop at a stop sign facing his line of traffic, prior to entering the intersection.

6) Defendant did not enter the intersection at a time when a person of ordinary prudence would not have done so.

8) The damage issue: NONE.

9, 11, 13, 16) acquit plaintiff of contributory negligence proximately causing the collision.

19) The collision was the result of an unavoidable accident.

On the foregoing, the Trial Court entered judgment for defendant. Plaintiff appeals, contending among other things:

1) There is no evidence, or insufficient evidence, to sustain the jury's findings on Issues 1, 3, 6, 8 and 19.

2) There are 3 instances of jury misconduct which, individually and collectively, require a reversal.

The jury in answer to Issue 3 found that defendant Fritzie did not fail to stop at the stop sign facing his line of traffic, prior to entering the intersection.

Plaintiff contends there is no evidence to support such finding; insufficient evidence to support such finding; and that such finding is against the great weight and preponderance of the evidence.

Only 3 witnesses testified as to whether defendant Fritzie stopped at the stop sign; officer Lothlin, plaintiff Buice, and defendant Fritzie.

Officer Lothlin, who did not see the accident, and who did not see whether defendant stopped or did not stop, testified that after the accident defendant Fritzie told him that he stopped at the stop sign. Plaintiff Buice testified: "Q. Then on page 19 of the deposition, line 2, I asked you: 'About how far was the pickup back from the intersection when you first saw it' and you said 'when I first saw it?' Q. Uh huh, A. Well, He was right close to it, he was pulling up there stopping. Q. OK. He was in the process of pulling up to a stop then when you first saw him, and you said 'Yes, sir.' Q. Then my next question was: 'Did he stop his car immediately even with the north curb line or back from it, or where. In other words, the north curb line of Speight, if it had been extended across there', and your answer was 'I would say he stopped about like all the rest of them, I guess about 2 feet behind it there.' Is that correct? A. That's where I said it was, when I saw him pull up for a stop." Plaintiff Buice then testified that he "did not know whether defendant Fritzie stopped, or just threw it in 2nd gear and come on." Defendant Fritzie testified that he "substantially stopped"; that he was just "barely moving," that he slowed his car down to a "walking speed"; that he slowed down and "shifted into low"; and further: "Q. And you never did bring it to what you'd say a dead stop there at that stop sign? A. No sir."

Officer Lothlin testified to hearsay only, and did not see the occurrence; plaintiff Buice said he did not know whether defendant stopped or not; and defendant Fritzie, who should know, or who knows if anyone does, positively and unequivocally testified that he did not come to a complete stop.

■ We think the answer to Issue 3 is against the great weight and preponder-

ance of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

The jury found that plaintiff received injuries to his body as a result of the accident, but answered the damage issue "NONE". The record reflects that plaintiff incurred several hundred dollars in medical bills and lost time as a result of the accident. We think the jury's answer to Issue 8 is against the great weight and preponderance of the evidence. Lowery v. Berry, 153 Tex. 411, 269 S.W.2d 795; Smith v. Bullock, Tex.Civ. App, (n. w. h.), 317 S.W.2d 232; Carter v. Skelly Oil Co., Tex.Civ.App., (n. w. h.), 317 S.W.2d 227.

It follows that the cause is reversed and remanded. In view of another trial, we omit discussion of plaintiff's other contentions. Reversed and remanded.