**44**

**HICKS BUILDING AND EQUIPMENT COMPANY, Inc., et al., Petitioners,**

v.

**Alton P. BUICE, Respondent.**

**No. A–9801.**

Supreme Court of Texas.

Oct. 2, 1963.

Rehearing Denied Oct. 30, 1963.

Louis S. Muldrow, Waco, of Naman, Howell, Smith & Chase, for petitioners.

Edwards & Faulkner, Waco, for respondent.

PER CURIAM.

The opinion of the Court of Civil Appeals is reported in *369 S.W.2d 624*.

Respondent, Buice, sued petitioner, Hicks, and the driver of Hicks' pickup, Fritzie, for damages resulting from an automobile collision at a street intersection. The jury exonerated both parties to the collision of negligent acts and conduct proximately causing the collision, and found that the collision was the result of an unavoidable accident. A trial court judgment that the plaintiff take nothing was entered on the verdict.

In answer to special issue No. 3 the jury found that the defendant, Fritzie, did not fail to stop at a stop sign before entering the intersection. The Court of Civil Appeals set that finding aside as being against the great weight and preponderance of the evidence.

In connection with the damage issue the jury was expressly instructed that they could award only those damages "directly and proximately caused by the negligence, if any, of the defendants." The jury answered the issue "None." The Court of Civil Appeals set that answer aside as being against the great weight and preponderance of the evidence because, in the words of the court, "The record reflects that plaintiff incurred several hundred dollars in medical bills and lost time as a result of the accident."

On the foregoing holdings the Court of Civil Appeals reversed the judgment of the trial court and remanded the case to the trial court for retrial.

The Court of Civil Appeals did not set aside the jury finding that the collision was the result of an unavoidable accident. Neither did the court hold that the evidence establishes as a matter of law that Fritzie failed to stop at the stop sign, and that as a matter of law such failure was negligence and a proximate cause of the collision. Nor did the court hold that the plaintiff's damages *were proximately caused by negligent conduct of Fritzie*; or even that the jury

finding that none of the plaintiff's damages were *proximately caused by the negligence of Fritzie* is against the great weight and preponderance of the evidence.

■ The opinion of the Court of Civil Appeals thus on its face raises a serious question of whether the mere setting aside of the jury's answer to special issue No. 3 and the setting aside of the answer to the damage issue for an unsound reason, while at the same time permitting the finding of unavoidable accident to stand, authorized, in law, a reversal of the trial court's judgment. However, the question is not raised in this court and no opinion is expressed with reference to it. It is pointed out only for the purpose of emphasizing that our refusal of writ of error is not to be considered as approving the action of the Court of Civil Appeals.

■ Petitioner presents only one point of error in this court.. It has no relationship to the matters discussed above and does not present any basis for reversing the judgment of the Court of Civil Appeals. Accordingly, the application is "Refused. No Reversible Error." Rule 483.