**Joe MARTIN, Appellant,**

**v.**

**The ESTATE of C. H. GURINSKY d/b/a Gurinsky Cattle Market and Edward Rodriguez, Appellees.**

**No. 11177.**

Court of Civil Appeals of Texas.

Austin.

April 1, 1964.

Rehearing Denied April 22, 1964.

Edwards & De Anda, George E. Chandler, Corpus Christi, for appellant.

Beckmann, Stanard, Wood & Vance, Richard C. Keene, San Antonio, Thomas C. Ferguson, Johnson City, for appellees.

ARCHER, Chief Justice.

This appeal is from a judgment based on a jury verdict denying plaintiff any recovery growing out of a suit for damages for personal injuries and to property.

The accident occurred on U. S. Highway 281 in Blanco County, Texas, early in the night of December 28, 1960, when an automobile occupied by appellant collided with an upset cattle trailer owned by appellee Gurinsky Cattle Market and operated by Edward Rodriguez, its employee, which trailer had broken loose from a pickup truck.

The collision was on the down grade of a steep hill. Immediately after the upset and after the driver of the truck had alighted and picked up a flashlight, he ran toward the approaching car of the plaintiff waving the flashlight.

The jury exonerated both plaintiff and defendant of any acts of negligence and found that the accident in question was unavoidable, and did not award the plaintiff any damages for personal injuries but did allow property damages.

The appeal is founded on ten points assigned as error by the trial court in submitting issue No. 14 inquiring whether or not the accident was the result of an un-

avoidable accident because there was no evidence, or that there was insufficient evidence to support the submission of such issue; that the answer of the jury is against all of the evidence and the overwhelming weight and preponderance of the evidence; that the answer of the jury to issue No. 1 that Rodriguez did not fail to have the pickup and trailer under proper control, because such finding is against all of the evidence and against the overwhelming weight and preponderance of the evidence; because Rodriguez admitted that he did not have proper control of the truck and the trailer at the time and place in question; that the finding of the jury in answer to issue No. 3 that the failure of Rodriguez to place a lighted fusee on the roadway was not a proximate cause of the collision is against all the weight and the overwhelming weight and preponderance of the evidence; that the court erred in not setting aside the answer of the jury to issue No. 15 that Martin was not entitled to any damages for his injuries and in not granting a new trial.

This case was submitted to the jury by 17 special issues and by its answers to issues Nos. 1, 3, 4, 5, and 6, the defendant Rodriguez was absolved from negligence in the manner of operating the pickup and in failing to place a lighted fusee on the roadway and did not fail to take such action to warn the plaintiff of the presence of the overturned trailer as a person of ordinary care would have done and the failure to remove the trailer from the highway before the collision was not negligence. (Issues Nos. 2, 3, 5 and 7 were conditional and were not answered.)

The jury found that Martin did not fail to keep a proper lookout, and did not fail to have his automobile under proper control and was not operating his automobile at a negligent rate of speed.

■ We believe that the issue of unavoidable accident was raised and that the evidence reasonably supports the findings of the jury.

The jury saw and heard the witnesses and observed their demeanor and resolved the fact issues as reflected by its answers to the issues and we believe it was justified in its findings.

As stated the collision occurred on a misty night on a steep hill and both drivers had been going down the hill at a rate of no more than 25 miles per hour by the truck and 50 to 55 miles by the automobile, both vehicles were going south on a four lane highway.

Mr. Martin testified that he was driving at about 55 miles per hour south on Highway 281 on December 28, 1960, at about 8:30 P.M. and as he proceeded over the crest of a hill he noticed headlights in the road ahead of him and assumed they belonged to a vehicle coming towards him and as he passed this vehicle and cleared the glare he noticed for the first time an object across the road and attempted to avoid striking the object by turning his car to the right but struck the object and was thrown out.

Edward Rodriguez, one of the defendants called by plaintiff as an adverse witness, testified that he was employed by Gurinsky and was operating a truck trailer on the night of the accident and had come from San Antonio, Texas, to bring some cattle and to pick up four cows at Mr. McLean's place and had done so and was returning to San Antonio at about 8:20 P.M.

The witness testified that the highway was wet and a mist falling and he was going down hill at about 25 miles per hour and in response to a question by plaintiff's attorney as to why he was driving so slow, stated:

"A  Well, sir, so I, you know, I was afraid it might whip.

"Q  All right.  In other words, if you drove any faster than twenty-five, you knew that trailer was going to whip; is that right?

"A  What?

"Q You knew that if you drove any faster than twenty-five the trailer was going to whip; is that right?

"A When it got faster, when going down-hill, turned over, I was running about thirty when I turned over.

"Q Reason you drove twenty-five, though, was because you knew if you drove any faster the trailer would whip; isn't that right?

"A In other words, if you go to whipping, it will do it at more speed.

"Q That's what I'm saying: If you drove any faster than twenty-five, you knew the trailer was going to go to whipping; isn't that right?

"A Yes, sir.

"Q All right. And you say you were going thirty at the time the trailer actually turned over?

"A That's right.

"Q Now, is it easier or harder to control a trailer going down-hill or up-hill? Let me rephrase that. Is it easier to control a trailer when you are driving up-hill or when you are driving down-hill? Easier going up, isn't it, as far as the whipping and other things to?

"A Easier, yes.

"Q Easier to control going up-hill. And you knew that before this accident happened, didn't you?

"A Yes, sir.

"Q How long you been pulling trailers like that?

"A Oh, about forty-two years.

"Q All right. Now, as you started down the hill, you increased your speed, you say, to about thirty miles an hour?

"A Yes, sir.

"Q And the trailer did just what you knew it would do, it started whipping; isn't that right?

"A Started to whipping.

"Q Started to whipping. What did you do when it started to whipping?

"A Well, I took my foot off the gas?

"Q Took your foot off the gas?

"A I was going about twenty-five. When it started going thirty I took my foot off the gas, when I seen it was going to whip.

"Q All right. That was when you got up to thirty?

"A Yes.

"Q All right. Then what else did you do?

"A I turned over at thirty.

"Q You turned over at thirty?

"A Around thirty, yes.

"Q All right. Did you put your foot on the brake?

"A No, sir.

"Q Would it have been helpful if the trailer had had brakes? Do you think you could have controlled it better if the trailer had had brakes that you could have put on the trailer?

"A I don't think it would have helped it any.

"Q Did you turn the wheel of your truck at all?

"A Sir?

"Q Did you turn the wheel of your truck at all?

"A When the trailer jackknifed, that throwed me around.

"Q All right. So that once you got over twenty-five, and coming

down-hill, you could no longer control the truck and trailer; is that right—once you got up around thirty?

"A Well, it turned over at that speed.

"Q. Yes. You couldn't control it any more; is that right?

"A Had no way of its whipping

"Q All right. That's why you had been driving twenty-five miles an hour up to the top of that hill, isn't it, so that that wouldn't happen?

"A Yes.

"Q All right. Now, you say the trailer turned over and it whipped your truck around?

"A Yes, sir, jackknifed.

"Q Jackknifed and turned your truck around. Did the trailer break · loose from the truck?

"A. It broke loose, yes."

An unavoidable accident was defined in Dallas Railway & Terminal Company v. Darden, Tex.Com.App., Section B, 38 S.W. 2d 777, opinion approved, as follows:

"An unavoidable accident is one which is not occasioned in any degree, either directly or remotely, by the want of such care or prudence as the law holds every man bound to exercise. If the accident complained of could have been prevented by either party, by the use of means suggested by common prudence, it was not unavoidable."

■ It is not for an appellate court to determine the mental processes by which a jury reaches a verdict, but only whether there is sufficient evidence to support the verdict. Singer v. Singer, 150 Tex. 115, 237 S.W.2d 600.

■ The test for determining if there is evidence of probative value to support a jury verdict is whether reasonable minds might differ with respect thereto. Simmons and Simmons Construction Co. v. Rea, 155 Tex. 353, 286 S.W.2d 415.

In McConnico v. Texas Power & Light Co., Tex.Civ.App., 335 S.W.2d 397, er. ref., n. r. e., the Court stated:

"A jury is at liberty to reach its conclusion by blending all of the evidence admitted before them, aided by their own experience and knowledge of the subject of inquiry. They are not compelled to credit all the testimony of any witness or to reject it all."

Muro v. Houston Fire & Casualty Insurance Co., Tex.Civ.App., 329 S.W.2d 326, er. ref., n. r. e.; Freeman v. Canterbury, Tex.Civ.App., 346 S.W.2d 955, no writ history.

The jury found that the failure of Rodriguez to place a lighted fusee on the roadway immediately after the trailer overturned was not a proximate cause of the collision.

There is no conflict in the evidence as to whether Rodriguez placed a lighted fusee in the road, the evidence is that he did not.

As soon as Rodriguez saw what had happened to the trailer and when he saw the automobile lights approaching, he took a flashlight and waived it in an effort to warn the driver, but the driver continued without decreasing his speed. There is no evidence that Rodriguez had any time to place fusees on the roadway.

It is apparent that Rodriguez did everything that any one could have possibly done during the interval after his truck came to a rest and · before the collision occurred.

■ The rule is that if a person is guilty of negligence per se, he may go forward with the evidence and raise the issue of excusable violation and this Rodriguez did.

Loyd v. Rumbaugh Trucking Company, Tex.Civ.App., 313 S.W.2d 544, er. ref., n. r. e., and cases cited therein.

Since the jury having found that appellee Rodriguez was not guilty of any act of negligence, there is no theory on which appellant could rely to have a verdict rendered to support a judgment in his behalf and the answer to special issue No. 15 of $0.0 becomes immaterial and harmless, even if the same might be error, a jury finding on an immaterial issue may be disregarded. American Mutual Liability Insurance Co. v. Parker, 144 Tex. 453, 191 S.W.2d 844; Freeman v. Canterbury, supra; Dunn v. Sears-Roebuck & Company, Tex.Civ.App., 371 S.W.2d 731, no writ history.

We do not believe that Rodriguez admitted as a matter of law that he did not have control of the truck he was driving.

The questions directed to Rodriguez were leading as counsel had a right to do, were, as may be observed, in rapid fire order and directed to a witness of Mexican ancestry and who may not, as may be observed from his answers, as are set out hereinabove, have completely understood such questions and such answers did not make an unequivocal and uncontradictable conclusion that he did not have control of the truck.

The jury was at liberty to reach its conclusion by blending all of the evidence admitted before them and are not compelled to credit all of the testimony of any witness or to repeat it all. McConnico v. Texas Power & Light Co., supra; Muro v. Houston Fire & Casualty Insurance Co., supra; Luvual v. Henke & Pillot, Division of Kroger Co., Tex.Civ.App., 366 S.W.2d 831, er. ref., n. r. e.

We have considered the authorities cited by appellant such as Shofner v. McKey, Tex.Civ.App., 345 S.W.2d 826, no writ history; Pinson v. Busby, Tex.Civ.App., 304 S.W.2d 413, error dismissed and Buice v. Hicks Building & Equipment Company, Tex.Civ.App., 369 S.W.2d 624. See Hicks Building Equipment Company, Inc. et al, petitioners v. Alton P. Buice, respondent, 371 S.W.2d 44, Supreme Court.

The judgment of the trial court is affirmed.

Affirmed.

HUGHES, Justice (dissenting).

In my opinion the testimony of the driver of the truck-trailer, Edward Rodriguez, constitutes a judicial admission that he was guilty of negligence in driving at a speed at which he knew the trailer would jackknife and capsize. Certainly the finding that he was not negligent in this respect is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. I would reach similar conclusions regarding the jury finding that Mr. Rodriguez did not fail to have the truck-trailer under proper control. The trailer was wholly obstructing appellant's side of the road. The only explanation of how it got there is the testimony of Mr. Rodriguez that his own negligence caused it to be there.

In my opinion the evidence does not raise the issue of unavoidable accident and an issue thereon should not have been submitted. There is no evidence that this collision occurred except as a result of negligence. The rain and mist had nothing to do with the accident. The truck-trailer did not slip or slide. Its lights were clean and bright. Its driver, Mr. Rodriguez, was well experienced. He simply drove at a speed which he knew would cause to happen what did happen. This constituted avoidable negligence, not an unavoidable accident. See Harrison v. King, 296 S.W.2d 344, San Antonio Civil Appeals, writ ref., n. r. e.

I understand the rule to be that it is not ordinarily reversible error to submit an issue which is not raised by the evidence. Because of the nature of this issue it is doubtful that such rule should apply here. Regarding such an issue Chief Justice Alexander said in Wheeler v. Glazer, 137 Tex. 341, 153 S.W.2d 449, 140 A.L.R. 1301:

"The only legitimate purpose to be served in submitting unavoidable acci-

dent is to call the matter to the attention of the jury, so that it will not be overlooked, and so that the jury will understand that they do not necessarily have to find that one or the other parties to the suit was to blame for the occurrence complained of. This purpose is fully accomplished when the jury is told that the occurrence in question was an unavoidable accident if it happened without the negligence of either of the parties to the suit."

Referring to this language the Court in Herndon v. Halliburton Oil Well Cementing Company, 154 S.W.2d 163, El Paso Civil Appeals, writ dism., w. o. m., stated:

"It is heartening to find coming from the Chief Justice a suggestion there may be some suspicions as to the illegitimacy of this issue. It came and has remained somewhat in the role of a 'sniper.' It has resulted in much confusion and wrought great havoc on justice."

It is reversible error to submit issues which serve no useful purpose but only tend to confuse and mislead the jury. H. E. Butt Grocery Co. v. Johnson, 226 S.W.2d 501, San Antonio Civil Appeals, writ ref., n. r. e.

The unavoidable accident issue gives a jury which does not wish to speak ill of either party an out. It affords an easy, pleasant way to resolve the controversy. Where the evidence, as here, does not justify its submission it has, in my opinion, a harmful effect upon the plaintiff.

I would not, however, reverse this case because of the submission of such issue because no objection was made to its submission upon the grounds indicated. In fact, no objection to its submission was made.

I would reverse and remand this cause and I, therefore, respectfully dissent.