## NONA WHEELER (DALLAS RAILWAY & TERMINAL COMPANY) V. JOSEPH GLAZER.

No. 7647. Decided June 11, 1941.
Rehearing overruled July 16, 1941.
(153 S. W., 2d Series, 449.)

342

*Buford, Ryburn, Hincks & Charlton,* of Dallas, for plaintiff in error, Dallas Ry. & Ter. Co., and *Chaney, De Shazo & Hyde,* of Dallas, for plaintiff in error, Wheeler.

Where a vehicle driven by a third party collides with a vehicle driven by a common carrier which contains a passenger who is injured by reason of the collision between the vehicle of the carrier and third party, the third party cannot urge as a defense to his own wrong doing the failure of the common carrier to discharge the duty to exercise a high degree of care towards the passenger. St. Louis, B. & M. Ry. Co. v. Marcofich, 221 S. W. 582; 10 Tex. Jur., 554., City of San Antonio v. Smith, 59 S. W. 1109.

*Thompson, Knight, Baker, Harris & Wright,* of Dallas, and *Lightfoot, Robertson & Gano,* of Fort Worth, for defendant in error.

The plaintiff having sued both defendants, charging each of them with certain specific acts of negligence and claimed that each act of negligence charged against each defendant taken separately, jointly, collectively and concurrently was the direct

and proximate cause of the injury to the plaintiff sued for, therefore, it was the right of each of said defendants to have properly submitted to the jury their respective duties owing to the plaintiff, and to have the jury determine whether or not they each breached such duty so as to constitute negligence. Oats v. Dublin National Bank, 127 Texas 2, 90 S. W. (2d) 824; Dallas Ry. & Ter. Co. v. Travis, 125 Texas 11, 78 S. W. (2d) 941; Garcia v. Moncada, 127 Texas 453, 94 S. W. (2d) 123.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

A truck owned by Joseph Glazer and operated by his employee collided with a street car at a street intersection, and injured Mrs. Nona Wheeler, a passenger on the street car. She sued Glazer and the street car company to recover damages for the personal injuries so sustained. Each of the defendants endeavored to place the entire blame on the other, and in the alternative sought contribution from the other for any judgment that such defendant might be required to pay. The jury acquitted the street car company of all alleged acts of negligence proximately contributing to the injuries. It found that the operator of Glazer's truck negligently drove the truck at an excessive rate of speed into the street intersection after the street car had entered therein, and that he failed to sound a warning, keep a proper lookout, stop, or apply the brakes before entering the street intersection in question, and failed to yield the right of way to the street car. Each of said acts was found to be the proximate cause of the collision. Judgment was for plaintiff against Joe Glazer, and in favor of the street car company. Glazer alone appealed. The Court of Civil Appeals reversed the judgment, and remanded the cause for a new trial. 130 S. W. (2d) 353.

The trial court, in submitting the case to the jury, instructed the jury as to ordinary care, and defined negligence as a failure to exercise ordinary care. The plaintiff, Mrs. Wheeler, made no complaint of the charge in this respect. But the court refused Glazer's request to instruct the jury that the street car company was required to exercise a very high degree of care for the potection of its passengers, and that a failure to exercise a high degree of care would be negligence on the part of said defendant. It is Glazer's contention that if the court had so instructed the jury, the jury might have found the street car company guilty of negligence, and that in

that event, under the provisions of Article 2212, he, Glazer, would have been entitled to contribution from the streetcar company for its proportion of any amount that he might be required to pay in satisfaction of plaintiff's judgment.

Revised Statutes, Article 2212, reads as follows:

"Any person against whom, with one or more others, a judgment is rendered in any suit on an action arising out of, or based on tort, except in causes wherein the right of contribution or of indemnity, or of recovery, over, by and between the defendants is given by statute or exists under the common law, shall, upon payment of said judgment, have a right of action against his co-defendant or co-defendants and may recover from each a sum equal to the proportion of all of the defendants named in said judgment rendered to the whole amount of said judgment. If any of said persons co-defendants be insolvent, then recovery may be had in proportion as such defendant or defendants are not insolvent; and the right of recovery over against such insolvent defendant or defendants in judgment shall exist in favor of each defendant in judgment in proportion as he has been caused to pay by reason of such insolvency."

It will be noted from a careful reading of the above statute that it does not apply "in causes wherein the right of contribution or of indemnity, or of recovery, over, by and between the defendants * * * exists under the common law." Consequently, if at common law, under the facts assumed by Glazer, the street car company would have a right of contribution or indemnity against Glazer, then the statute above quoted does not apply. In other words, as above stated, the jury found that the street car company exercised ordinary care to avoid the collision and that Glazer's negligence was the proximate cause thereof. Now, even though the jury had found that the street car company failed to exercise a very high degree of care for the plaintiff's protection, and by reason thereof would be liable to her in damages, yet if under such circumstances the street car company would have had a right of contribution from Glazer at common law because he was primarily responsible for the collision, then the statute here relied on by Glazer would not be applicable.

At common law, as a general rule, joint tort-feasors have no right of contribution among themselves. The rule is not

based on equity, but rests on consideration of public policy; it being the policy of the law to leave wrongdoers where it finds them, and not to allow one to found a right of recovery on his own wrong. 18 C. J. S., 14; 13 Amer. Jur., 33. The law, however, is not unbending in this respect, but has many exceptions growing out of the inequities of the rule. 18 C. J. S., 16. As said in the above-cited authority: "It has been held that the rule does not apply where the joint tort-feasors are not in part delicto as to each other, as where there was no concerted action, or where the injury has resulted from a violation of the duty which one owes the other, or where the liability of the joint tort-feasor, who has been compelled to pay arises merely from negative acts of omission on his part and the proximate cause of the injury consists in active, positive acts on the part of the other joint tort-feasors."

1 While the law does not seem to take note of the quantity of the negligence of the different joint tort-feasors as a reason for authorizing the one least negligent to have contribution from the other, the authorities do recognize a distinction in the quality of their negligence. For example, if a servant negligently injures a third party, both the servant and his master are held to be negligent, and are jointly liable to the third party; but as between themselves, the servant is primarily to blame, and at common law the master may have indemnity from the servant. Zulkee v. Wing, 20 Wis. 429, 91 Am. Dec. 425; Gregg v. City of Wilmington, 155 N. C. 18, 70 S. E. 1070; Huey v. Dykes, 203 Ala., 231, 82 So. 481. In 10 Tex. Jur. 554 it is said: "Thus, where the parties are shown not to have been equally guilty, the principal delinquent may be held responsible to a co-delinquent for damages paid by reason of the offense in which both were concerned in different degrees as perpetrators."

In the case at bar the street car company, as between it and its passengers, was required to exercise a very high degree of care for the protection of the passengers, but as between the street car company and Glazer, the former owed no greater duty to protect Mrs. Wheeler than did the latter. The street car company exercised ordinary care for her protection, but Glazer failed so to do. Glazer's negligence was therefore of a different quality from that of the street car company.

Furthermore, the street car company had equal rights with Glazer at the street intersection. The street car company exer-

cised ordinay care to avoid the collision with Glazer, but Glazer negligently violated the street car company's rights, and thereby brought about the collision. Glazer was a wrongdoer as to the street car company, but the street car company was not a wrongdoer as to Glazer. Where the injury forming the basis for the judgment against the joint tort-feasors results from a violation of a duty which one of the tort-feasors owes to the other, the latter, at a common law, is entitled to contributions or indemnity from the former 16 C. J. S., 16; 13 Amer. Jur., p. 38, sec. 39; Alabama Power Co. v. Curry, 228 Ala. 444, 153 So. 634; Seaboard Air Line Ry. Co. v. American District Electric Protective Co., 106 Fla. 330, 143 So. 316. Under these circumstances, we think that, even if the street car company had been required to pay the judgment in favor of Mrs. Wheeler, or any part thereof, by reason of its failure to exercise a very high degree of care for her protection, yet it would have been entitled at common law to have complete indemnity fom Glazer. Consequently the statute above referred to is not applicable.

Moreover, the statute (Article 2212) here relied on by Glazer was enacted to prevent inequities between joint tort-feasors. It would not be within the spirit of this statute to allow a right of contribution in favor of a tort-feasor where the event which brought about the injury resulted from his violation of a duty which he owed to the other tort-feasor from whom contribution is sought.

It follows that no reversible error is presented in so far as Glazer is concerned, on account of the failure of the court to instruct the jury that it was the duty of the street car company to exercise a very high degree of care for the protection of the plaintiff.

2   The court submitted the issue of unavoidable accident, and defined the term as follows: "By the term 'unavoidable accident,' as that term is used in this charge, is meant an occurrence that happens without negligence on the part of the operator of the street car in question or the driver of the truck in question." Glazer contends that this was error. No one alleged that Mrs. Wheeler, the plaintiff, was in any wise negligent, and no complaint is here made of the failure to include her name in the definition of unavoidable accident. However, Glazer insists that, under the circumstances, two issues of unavoidable accident should have been submitted to

the jury,—in one of which the jury should have been instructed that the occurrence was an unavoidable accident as to Glazer, if it happened without his negligence,—and in the other that the occurrence was an unavoidable accident as to the street car company, if it happened without the negligence of the street car company. We overrule this contention. The court instructed the jury, in effect, that the occurrence was an unavoidable accident if it happened without the negligence of either of the other parties to the suit. The only legitimate purpose to be served in submitting unavoidable accident is to call the matter to the attention of the jury, so that it will not be overlooked, and so that the jury will understand that they do no necessarily have to find that one or the other parties to the suit was to blame for the occurrence complained of. This purpose is fully accomplished when the jury is told that the occurrence in question was an unavoidable accident if it happened without the negligence of either of the parties to the suit. Hicks v. Brown, 136 Texas 399, 151 S. W. (2d) 790.

We have carefully considered all other assignments, and find no reversible error.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court is affirmed.

Opinion delivered June 11, 1941.

Rehearing overruled July 16, 1923.