AIRLINE MOTOR COACHES, INCORPORATED, V. DEE FIELDS ET AL.

No. 7978. Decided December 2, 1942.
Rehearing overruled January 13, 1943.
(166 S. W., 2d Series, 917.)

222

*Ben G. Sewell, Sewell, Taylor, Morris & Connally,* all of Houston, *Musslewhite & Fenley,* of Lufkin, and *Black, Graves & Stayton,* of Austin, for petitioner.

The Court of Civil Appeals erred in holding that it was not error for the trial court to define the term "unavoidable accident" as "the unexpected happening of an event which was not proximately caused by the negligence of Forest King (the driver of the motor coach). Dallas Ry. & Ter. Co. v. Price, 131 Texas 319, 114 S. W. (2d) 859; Texas & N. O. Ry. Co. v. East, 74 S. W. (2d) 1052; Texas Elec. Ry. Co. v. Sikes, 251 S. W. 589.

*Collins, Williams & Garrison,* of Lufkin, and *Troy T. Stokes,* of Houston, for Fields, *K. W. Denman,* of Lufkin, for Davis, *Lightfoot, Robertson & Gano,* of Fort Worth, for Ogletree, *Baker, Botts, Andrews & Wharton* and *Denman Moody,* all of Houston, for Smith, all respondents.

Defendant in the trial court is not entitled to make any objection to the definition of "unavoidable accident" because he did not make any objecion at all to the definition as submitted by the court. The objection now made was to a definition that was withdrawn from the charge and not to the definition as given to the jury. Isbel v. Lennox, 116 Texas 522, 295 S. W. 920; Texas & Pac. Ry. Co. v. Dickey, 70 S. W. (2d) 614; Phoenix Refining Co. v. Tips, 125 Texas 69, 81 S. W. (2d) 60.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

After trial before a jury, judgment was rendered in district court in favor of respondent Dee Fields against petitioner Airline Motor Coaches, Inc., for $7,500.00, as compensation for injuries suffered by Fields in a collision between petitioner's bus, in which Fields was a passenger, and a lumber truck owned by respondents Ben Ogletree and G. R. Ogletree and operated by respondent Earl McAllister. The Court of Civil Appeals affirmed the trial court's judgment. 159 S. W. (2d) 187.

The suit as originally filed was by respondent Fields as plaintiff against petitioner Airline Motor Coaches, Inc., as defendant. Petitioner by cross action made respondents, the Ogletrees above named, and also respondents G. W. Smith and Homer Davis, parties to the suit. Smith was the owner and Davis was the operator of a laundry truck which was being driven in front of the bus immediately before the collision between the bus and the lumber truck. Petitioner alleged in its cross action that various acts of negligence on the part of the operator of the lumber truck and on the part of the operator of the laundry truck were sole causes of the collision and prayed judgment for indemnity, or in the alternative for contribution, against the owners and operators of the two trucks in the event Fields obtained judgment against it. Respondent Fields by amended petition again complained of petitioner and also complained of W. G. Smith and Homer Davis and prayed for judgment against them but sought no recovery against respondents, the Ogletrees.

The jury by its verdict convicted the driver of the bus of several acts of negligence and exonerated the driver of the lumber truck and the driver of the laundry truck. The jury found further that the collision was not an unavoidable accident.

The writ of error was granted on the assignment that: "The Court of Civil Appeals erred in holding that it was not error for the trial court to define the term 'unavoidable accident' as 'the unexpected happening of an event which was not proximately caused by the negligence of Forest King'." King was the driver of the bus.

In connection with the special issue submitting the question of unavoidable accident the court gave to the jury the definition set out in the above quoted assignment of error. A supplemental transcript contains a full statement by the trial court showing the manner in which the issue as to unavoidable accident and definitions were drawn by the court and presented to counsel, the objections made by counsel and the actions taken by the court in disposing of the objections. The charge as originally prepared and submitted to counsel contained the following issue and definition:

"Special Issue No. 94

"Was the collision in question an unavoidable accident?
"Answer 'Yes' or 'No.'
"Answer _____.

"Unless you find from a preponderance of the evidence that the collision in question was not an unavoidable accident you will answer the above issue 'yes' but otherwise you will answer it 'no.'

"By 'unavoidable accident' is meant the unexpected happening of an event which was not proximately caused or proximately contributed to by the negligence of Forest King."

Petitioner objected at length to the definition of unavoidable accident, on three grounds. The first objection is directed to the phrase "or proximately contributed to." The second objection is that petitioner, the defendant, is entitled to have the issue so framed and the term "unavoidable accident" so defined as to inquire of the jury whether or not the collision was an unavoidable accident as between the driver of the passenger bus and the driver of the lumber truck, and also whether or not the collision was an unavoidable accident as between the operator of the passenger bus and the driver of the laundry truck. The third objection is as follows:

"And is further entitled to have said issue so submitted to the jury as to inquire of them as to whether the collision in question was an unavoidable accident from the standpoint of the driver of each of the three vehicles alleged to have been involved therein, that is to say, not caused or brought about by the negligence, if any, of the driver of any one of the three motor vehicles alleged to have been involved in the collision."

In response to the foregoing objections the court changed the charge so that the definition of unavoidable accident accompanying special issue No. 94 was as follows:

" 'By unavoidable accident is meant the unexpected happening of an event which occurred without having been proximately caused by the negligence, if any, of the driver of the motor bus of Airline Motor Coaches, Inc., the driver of the lumber truck of Ogletree Lumber Company or of the driver of the laundry truck of W. G. Smith'."

Thereupon petitioner made several objections to the definition as changed, one of which was substantially the same as the second objection made to the definition as first given. On account of the objections so made the court again changed the definition of unavoidable accident, returning to the definition as originally given, except that the phrase "or proximately contributed to" was eliminated. The court states in the certificate that he finally concluded to submit the issue as originally contained in the charge only in view of the last objection and exception made by the petitioner after the court had agreed to change the definition to conform to petitioner's exception and suggestion that the defendants other than petitioner should be included in the definition. The court further certifies that he requested counsel for petitioner to prepare and submit to the court a definition of unavoidable accident and that they declined to do so. It was agreed by the parties that the name of respondent Dee Fields should not be included in the definition.

The Court of Civil Appeals held that if the definition of unavoidable accident finally given by the trial court was erroneous petitioner invited the error by its exception, which put the court on an election, and was estopped to complain of the court's election. It held further that the definition was not erroneous. 159 S. W. (2d) 187.

■ Since this case was tried in district court before the effective date of the new rules, the correctness of the procedure in that court is to be determined in accordance with the statutes and rules in effect when the case was tried and the construction which has been given those statutes and rules by the decisions. Rule 814, Texas Rules of Civil Procedure.

■ If there was evidence sufficient to raise the issue of unavoidable accident, petitioner, without specially pleading that the injury was the result of an unavoidable accident, was entitled to have the issue submitted to the jury as a substantial defense under the general issue. Galveston, Harrisburg & San

Antonio Ry. Co. v. Washington, 94 Texas 510, 517, 63 S. W. 534; Colorado & Southern Ry Co. v. Rowe (Com. App.) 238 S. W. 908; Green v. Texas & Pacific Ry. Co., 125 Texas 168, 177, 81 S. W. (2d) 669. The purpose to be served in submitting the issue is "to call the matter to the attention of the jury, so that it will not be overlooked, and so that the jury will understand that they do not necessarily have to find that one or the other parties to the suit was to blame for the occurence complained of." Wheeler v. Glazer, 137 Texas 341, 347, 153 S. W. (2d) 449. In our opinion the issue of unavoidable accident was raised by the evidence. It might reasonably be inferred from the evidence, the substance of which is hereinafter briefly stated, that Fields' injury was caused by something other than negligence on the part of the operator of one of three vehicles. Orange & Northwestern R. R. Co. v. Harris, 127 Texas 13, 89 S. W. (2d) 973; Hicks v. Brown, 136 Texas 399, 402, 151 S. W. (2d) 790; Dallas Railway & Terminal Co. v. Garrison, (Com. App.) 45 S. W. (2d) 183; Magnolia Coca Cola Bottling Co. v. Jordan, 124 Texas 347, 361-362, 78 S. W. (2d) 944, 97 A. L. R. 1513.

Witnesses testified to the following facts: The bus was being driven south on a concrete highway about eighteen or twenty feet wide. The shoulders of the highway had been made of shell but at the time of the collision they were "mostly dirt." It was raining and the highway was wet and slick. The bus was eight feet in width, leaving about one foot from the center of the highway on the left and about one foot from the dirt shoulder on the right, so that if the bus turned as much as a foot to the left it would have been across the center line. Attached to the lumber truck, which was approaching the place of collision from the south, was an empty trailer, being a long flat bed or float, seven feet, five and one-half inches in width and extending out a foot from each side of the truck. Two witnesses testified that the trailer was bouncing up and down and wobbling from side to side. As the bus approached a road crossing the highway it was being driven behind the laundry truck, which suddenly reduced its speed without giving a signal and turned to the right off the highway. The bus passed the rear of the laundry truck, missing it by a few inches. At that very time the approaching lumber truck was directly opposite the bus. The front portion of the bus and the front portion of the lumber truck passed without touching, but the front corner of the trailer or float struck the bus about a foot behind the

driver's seat and went through and demolished most of the left side of the bus.

■ The definition of unavoidable accident as finally given in the trial court's charge was erroneous. It was that "by unavoidable accident' is meant the unexpected happening of an event which was not proximately caused by the negligence of Forest King," who was the driver of the bus. The event would not have been an unavoidable accident if it had been proximately caused either by the negligence of the driver of the lumber truck or by the negligence of the driver of the laundry truck. The second definition of unavoidable accident as prepared by the court in response to the objections first made was substantially the same as the definitions approved in Hicks v. Brown, 136 Texas 399, 151 S. W. (2d) 790 and Wheeler v. Glazer 137 Texas 341, 153 S. W. (2d) 449. The cases last cited were decided by this court after the instant case was tried in district court. Unfortunately, the trial court did not adhere to its second definition of unavoidable accident but concluded in view of the objections made to it by petitioner "to submit the issue as originally contained in the court's charge," that is, to return to the definition as first drawn.

Petitioner objected to the definition as first prepared by the court on the ground that it was entitled to have the issue so submitted and the term so defined as to submit the question of unavoidable accident, in fact or in effect, as two issues, one between the operator of the bus and the driver of the lumber truck and the other between the operator of the bus and the driver of the laundry truck. This objection the trial court correctly overruled. Hicks v. Brown and Wheeler v. Glazer, above cited. Petitioner made the further objection to the definition first given that it was entitled to have the issue so submitted as to inquire of the jury whether or not the collision was caused by the negligence, if any, of the driver of any one of the three vehicles involved in the collision. This objection the trial court at first sustained when he changed the definition so as to include therein the drivers of the three vehicles. Petitioner made a number of objections to the trial court's definition as changed, one of them being a repetition of its insistence that the issue and definition be separated in such way as to submit the issue first as to two of the parties and again as to two other parties. These objections contain no request and no suggestion that the court return to the first definition, nothing contradictory of the objections that had been made to that definition, and

nothing indicating an intention on the part of petitioner's counsel to abandon or waive those objections. We are unable to find in the objections made by counsel or elsewhere in the record support for a conclusion that the court was caused or induced by counsel for petitioner to return to the first definition or for a conclusion that the court was by the objections put to an election between the two definitions.

Respondent make the following several contentions: That no objection was made to the definition of unavoidable accident as finally given by the court; that if the objection made to the definition as first prepared is to be taken as an objection to the definition as finally given, it is insufficient because it does not clearly and distinctly point out the defect of which complaint is made; that the objection is directed to the issue and not to the definition; that petitioner should have prepared and presented to the court a correct definition; and that petitioner suffered no injury from the definition given.

■ In our opinion none of the contentions should be sustained. Petitioner's objection to the original definition was on file when the court discarded the second definition and returned to that originally prepared. Respondents do not take the position that the objection should have been refiled, but insist that the objection made to the second draft of the definition was a repudiation and an abandonment of the first objection. The second objection does not complain of the definition because it includes the drivers of all three vehicles. It seeks to induce the court to go further and divide the issue into two or more issues as between groups of the several drivers.

The objections made by petitioner could have been more carefully drawn, but the last ground of the objection first made directs attention to the fact that the issue as first submitted and defined is erroneous because the definition does not include the drivers of all three vehicles. That the trial judge so understood the objection is shown by the fact that he changed the definition to conform to it.

·· The word "issue" rather than the word "definition" is used in the latter part of the first objection but it is clear from the context and from the substance of the objection that it is directed to the definition. The changes made by the trial court were in the definition and not in the question submitted in the issue.

■ As to the contention that petitioner should have prepared and submitted to the court a correct definition, it has been held that: "A party objecting to a definition as contained in the court's charge properly raises the question of its accuracy or sufficiency and is not put to the necessity of preparing and requesting a correct definition." Dallas Railway & Terminal Co. v. Ector, 131 Texas 505, 509, 116 S. W. (2d) 683; see also Robertson & Mueller v. Holden, (Com. App.) 1 S. W. (2d) 570.

The erroneous definition probably affected the jury, to petitioner's prejudice, in making its answer to the special issues. The submission of the issue serves a peculiar purpose, and yet it has long been held that the issue is a substantial defense which must be submitted if it is raised by the evidence. To submit the issue under a definition which is not substantially correct and which may mislead the jury is to deprive the objecting party of the full benefit of the defense.

The judgments of the Court of Civil Appeals and the district court are reversed and the cause is remanded to the district court.

Opinion adopted by the Supreme Court December 2, 1942.

Rehearing overruled January 13, 1943.

MR. CHIEF JUSTICE ALEXANDER, dissenting.

I am not in accord with the decision in this case. The judgment is being reversed solely because of the failure of the court to properly define the term "unavoidable accident."

It is true that the court, in effect, instructed the jury that the collision was an unavoidable accident if it occurred without the negligence of petitioner's agent; whereas the jury should have been instructed that it was an unavoidable accident if it occurred without the negligence of either of the parties to the suit. But in my opinion no injury resulted to this petitioner by reason of the failure of the court to so define the term. The parties agreed that no injury resulted from the failure to include plaintiff's name in the definition. There were really six defendants in the suit, to-wit: Ben Ogletree, G. R. Ogletree, Earl McAllister, Homer Davis, W. G. Smith, and petitioner. If the names of all these six defendants had been included in the definition, the plaintiff would have been entitled to an

answer that the collision was an unavoidable accident—which would have been a favorable answer to plaintiff—if the evidence had shown that *either* of the six defendants had been guilty of negligence proximately causing the collision; whereas, as the term was defined, the plaintiff, in order to secure a favorable answer was required to prove that this particular defendant, petitioner herein, was guilty of negligence proximately causing the collision. This placed a greater burden on plaintiff than he would have had if the term had been definied as contended for by petitioner; and, consequently, the definition given was more favorable to petitioner than the definition which he requested. The only purpose to be served in submitting the issue of unavoidable accident to the jury is to call the matter to the attention of the jury so that it will not be overlooked, and so that the jury will understand that they do not necessarily have to find that some party to the suit was to blame for the collision. Wheeler v. Glazer, 137 Texas 341, 347, 153 S. W. (2d) 449. The definition given by the court fully protected petitioner's interest. It told the jury that the accident was an unavoidable one, so far as petitioner was concerned, if it occurred without the negligence of petitioner's driver. This was as far as petitioner was interested in the matter. It is true that the other defendants, if they had lost in the lower court, might have had grounds to complain of the definition, but not so with the petitioner. It was clearly called to the attention of the jury that it would be an unavoidable accident, so far as petitioner was concerned, if it occurred without his negligence. Consequently no injury resulted to the petitioner, and for that reason the judgment should not be reversed.

Opinion delivered December 2, 1942.

Rehearing overruled Jan. 13, 1943.