**EMPLOYERS CASUALTY COMPANY,**
**Appellant,**

**v.**

**IDEAL CEMENT COMPANY, a corporation,**
**and Ideal Basic Industries, Inc., a**
**corporation, Appellees.**

**No. 45087.**

Supreme Court of Oklahoma.

June 5, 1973.

Foliart, Shepherd, Mills & Niemeyer, Oklahoma City, for appellant.

William H. Wilson, Rhodes, Hieronymus, Holloway & Wilson, Oklahoma City, for appellees.

IRWIN, Justice:

Appellant, Employers Casualty Company (plaintiff), concluded a settlement of a personal injury action brought against its insured, Dolese, by Arvel Davis. In this proceeding, plaintiff sought indemnification of the settlement it made with Davis from appellees (defendants) on the grounds that Davis' injuries resulted from defendants' active or primary negligence.

The trial court sustained defendants' demurrer to plaintiff's petition and dismissed the action. Plaintiff appealed.

Plaintiff alleged in its petition that it provided liability insurance to Dolese; that prior to the date Davis sustained his injuries, defendants had contracted with Dolese to provide dry cement at Dolese's concrete batch mix plant; that in order to meet its obligations under the contract, defendants placed portable dry cement storage tanks on Dolese's premises and said tanks were owned by defendants and defendants were obligated under their contract with Dolese to maintain the tanks in safe operating condition; and the tanks were placed on Dolese's premises by defendants solely for the convenience of defendants and collateral to defendants' agreement to provide dry cement to Dolese.

Plaintiff further alleged that Davis was employed by Southwest Bulk Handlers as a truck driver and was delivering dry cement from defendants' plant to plaintiff's premises; and that Davis was injured when one of defendants' portable storage tanks located on Dolese's premises exploded as Davis was attempting to relieve the pressure from the tank.

Plaintiff further alleged the commencement of the personal injury action by Davis against Dolese; that it assumed the defense of Dolese in that action and after investigation concluded a settlement with Davis which was a reasonable and necessary settlement under the circumstances; and by the payment of the settlement it became subrogated to Dolese's rights against defendants.

Plaintiff further alleged that "The accident and resulting injuries to Davis were not a result of any active or primary negligence on the part of Dolese. Instead, the only negligence of Dolese, if any, was in failing to discharge the obligation imposed upon it as an owner or occupier of premises to warn invitees, such as Davis, of the dangers on the premises, or to eliminate such dangers. The accident and Davis' injuries were the result of the active and primary negligence on the part of the defendants herein in placing on Dolese's premises and maintaining the storage tank in a dangerous and defective condition and in failing to have workable equipment to vent the pressure from said tank, and in maintaining said tank with defective and broken down blow-down equipment."

Defendants attached to their demurrer a copy of the petition filed by Davis against Dolese. In that petition, Davis alleged that pressure is built up in the dry cement storage tanks and the pressure must be released before dry cement can be unloaded in the tanks; that the pressure could not be released by manipulating the blow-down valve because the handle was broken; and that he mounted the tank and was in the act of releasing the hatches on the lid when the tank exploded.

In a Supplemental Opinion on Rehearing in National Trailer Convoy v. Oklahoma Turnpike Authority, Okl., 434 P.2d 238, we said that under our decisions the basic law in Oklahoma is that as between joint tortfeasors there is no right of contribution.

In Cain v. Quannah Light & Ice Co., 131 Okl. 25, 267 P. 641, we held:

"Where the concurring active negligence of two persons causes injury to a third, and one of the wrongdoers is sued and judgment obtained, and, by reason of such judgment, is compelled to discharge the liability thereby incurred, no contribution or indemnity can be had by the person so discharging such liability."

The Texas Supreme Court in Wheeler v. Glazer, 137 Tex. 341, 153 S.W.2d 449, 140 A.L.R. 1301, said:

"At common law, as a general rule, joint tort-feasors have no right of contribution among themselves. The rule is not based on equity, but rests on consideration of public policy; it being the policy of the law to leave wrongdoers where it finds them, and not to allow one to found a right of recovery on its own wrong."

The Texas Court there recognized an exception to the above rule and said that it did not apply where the joint tortfeasors are not in pari delicto as to each other, as where there is no concerted action, or where the injury has resulted from a violation of a duty which one owes to the other, or where the liability of the joint tortfeasor, who has been compelled to pay arises merely from negative acts of omission on his part and the proximate cause of the injury consists in active, positive acts on the part of the other joint tortfeasor. The Court also said that where the injury forming the basis for the judgment against the joint tortfeasors results from a violation of a duty one of the tortfeasors owes to the other, the latter at common law, is entitled to contribution or indemnity from the other.

In Fidelity & Casualty Co. of New York v. Northwestern Telephone Exchange Co., 140 Minn. 229, 167 N.W. 800, the court said:

"Generally, one of two joint tort-feasors cannot have contribution from the other. But there are exceptions to this rule. One exception arises where although both parties are at fault and both liable to the person injured, yet, they are not in pari delicto as to each other, as where the injury results from a violation by one of a duty which he owes to the other, so that as between themselves, the act or omission of the one from whom indemnity is sought is the primary cause of the injury. This exception is reasonable and well recognized."

Our Court recognized the exception to the general rule that joint tortfeasors may not have contribution from the other in Porter v. Norton-Stuart Pontiac-Cadillac of Enid, Okl., 405 P. 2d 109. In that case we held:

"Where two parties are jointly liable to a third party in respect of a tort, one of them primarily for the reason that he is the actual wrongdoer and the other secondarily and constructively under the rule of respondeat superior but without any fault having a causal connection with the third party's injuries, [the] latter may recover from [the] former [the] amount he has been compelled to pay as damages for the injury."

 As against defendants' demurrer, plaintiff's petition must be liberally construed, and all of its allegations of fact must be taken as true, together with all reasonable inferences therefrom. If any fact stated therein entitled plaintiff to any relief, the demurrer should have been overruled. McKenzie v. Feldman, Okl., 434 P. 2d 884.

Plaintiff specifically alleged that defendants placed the portable dry cement storage tank on Dolese's premises to meet its contractual obligations; that defendants owned the tank and were obligated to maintain it in a safe operating condition; and that Davis sustained injuries as a result of the active and primary negligence of defendants in placing the tank on Dolese's premises and maintaining it in a dangerous and defective condition.

 Under plaintiff's petition, Dolese was subjected to liability because of defendants' negligence of placing the tank on Dolese's premises and maintaining it in a dangerous and defective condition. Under defendants' contractual obligations to Dolese, defendants owned the tank and they were obligated to maintain it in a safe operating condition. Although Dolese and defendants may have been jointly liable to Davis for the injuries sustained, Dolese and defendants allegedly were not in pari delicto as to each other. According to plaintiff's petition, Davis sustained injuries as a result of defendants' failure to perform their contractual obligations to Dolese and this failure to perform was the primary cause of the injury. Plaintiff's petition stated a cause of action.

We hold the trial court erred in sustaining defendants' demurrer to plaintiff's petition and dismissing the action.

In addition to the amount paid to Davis in settlement of his claim against Dolese, plaintiff sought to recover from defend-

ants legal fees and expenses. Defendants contend that plaintiff is not entitled to be reimbursed for these expenses.

The issue presented in this appeal is not whether plaintiff is entitled to expenses and legal fees but whether plaintiff's petition stated a cause of action. We have held that it did. In McKenzie, supra, we said that if any fact stated in plaintiff's petition entitles plaintiff to any relief, a demurrer to the petition should not be sustained. Therefore, we will not consider whether plaintiff is or is not entitled to expenses and legal fees if it should prevail in its action for indemnification against defendants.

Certiorari granted; Decision of the Court of Appeals modified; Judgment of the trial court reversed; and cause remanded for further proceedings.

All the Justices concur.