**SOUTHERN PACIFIC TRANSPORTA-TION CO. et al., Plaintiffs-Appellees,**

v.

**SMITH MATERIAL CORPORATION, Defendant-Appellant.**

**No. 78–1140.**

United States Court of Appeals, Fifth Circuit.

April 28, 1980.

Rehearing and Rehearing En Banc Denied June 25, 1980.

Pike Powers, Jr., Austin, Tex., Michael L. Baker, Beaumont, Tex., for defendant-appellant.

Mehaffy, Weber, Keith & Gonsoulin, Robert Q. Keith, Daniel V. Flatten, Beaumont, Tex., for plaintiffs-appellees.

1. That statute provides as follows:

Whenever any person driving a vehicle approaches a railroad grade crossing, the driver of such vehicle shall stop within fifty (50) feet but not less than fifteen (15) feet from the nearest rail of such railroad and shall not proceed until he can do so safely when:

Before COLEMAN, Chief Judge, and REAVLEY and ANDERSON, Circuit Judges.

REAVLEY, Circuit Judge:

This diversity case, Texas law controlling, concerns a collision between a truck and a train. Southern Pacific Transportation Co. ("Southern Pacific") and the National Railroad Passenger Corp. ("Amtrak"), acting as a single entity, sued Smith Material Corp. ("Smith") for damages to its train tracks and cars when a truck driven by a Smith employee collided with the train at a railroad crossing. Smith counterclaimed for damages to its truck. The jury apportioned fault, finding Smith responsible for 75 per cent of the negligence proximately causing the collision, Amtrak and Southern Pacific 25 per cent negligent. The trial judge, on Southern Pacific/Amtrak's motion, then entered a declaratory judgment providing for contribution between the parties in accordance with their respective negligence for any liability which might be incurred to third parties as a result of the collision. Smith Material appealed. We affirm the findings of negligence. We also affirm the declaratory judgment with the exception that it shall not apply in any case in which Amtrak is found liable to a passenger or any other party to whom it owed a higher duty of care by virtue of its status as a common carrier.

## I. *Jury Instructions*

Smith objects to the court's jury charge on the ground that it misstated Texas law. Texas Rev.Civ.Stat.Ann. art. 6701d § 86 (Vernon 1977) governs vehicular safety at railroad crossings.[1] Smith would be neg-

(a) A clearly visible electric or mechanical signal device gives warning of the immediate approach of a train;

(b) A crossing gate is lowered, or when a human flagman gives or continues to give a signal of the approach or passage of a train;

(c) A railroad engine approaching within approximately fifteen hundred (1500) feet of the highway crossing emits a signal audible from

ligent as a matter of law for the unexcused violation of this statute unless it presented some evidence to excuse its nonconformance. *Southern Pacific Co. v. Castro*, 493 S.W.2d 491 (Tex.1973). Five representative, though non-exclusive, categories of excuses[2] adopted from the Second Restatement of Torts, § 288A (1965) will prevent a finding of negligence per se. *Impson v. Structural Metals, Inc.*, 487 S.W.2d 694 (Tex.1972). That is, the statutory violation will be excused if some evidence, which is more than a mere speculation or suspicion, of a legally acceptable excuse is presented. *Hoppe v. Hughes*, 577 S.W.2d 773 (Tex.Civ. App.—Amarillo 1979, writ ref'd n. r. e.).

■ Once the court finds sufficient evidence of an excuse, the plaintiff bears the burden of proving the defendant negligent under the common law or prudent man standard. *L. M. B. Corp. v. Gurecky*, 501 S.W.2d 300 (Tex.1973). The court may inform the jury that the legislature has established a uniform standard of safe conduct by stating the provisions of the statute as well as instructing the jury that the defendant along with the whole public is charged with knowledge of those safety provisions. The court may also instruct and define for the jury any claimed excuse which falls within *Impson*. *Id.*

■ Smith contended that the train failed to brake in time, that the signal lights were not functioning, and that its driver's view of the approaching train was obstructed by bushes and trees near the track. Assuming that Smith's evidence of a legally acceptable excuse created a jury issue on common law negligence, the trial

judge's instructions were not in accord with Texas law.[3] The jury was told that failure to comply with article 6701d would not constitute negligence per se if compliance were impossible or not necessary under the circumstances (Record at 926), more than a Texas court would tell. The error, however, did not prejudice Smith. The judge also discussed the importance of the driver's visibility in assessing the necessity of complying with the statute. Smith, therefore, received the benefit of any conceivably relevant excuse, and the total effect of the instruction was to give the jury a common law ordinary prudent man test for determining Smith's negligence. Consequently, we find no harm from the court's failure to adhere to Texas procedure[4] or substantive law in submitting the case to the jury.

## II.  *Declaratory Judgment*

■ Smith objects to the entry of a declaratory judgment by the trial court fixing financial responsibility between the parties to the 25/75 percent negligence ratios found by the jury for any future liability to third parties. In all subsequent cases in which the collision between the truck and the train is the sole or a contributing proximate cause of an injury to a third party, that party, absent contributory negligence, will be entitled to collect the entire sum from either Smith or Amtrak. *See* Tex. Rev.Civ.Stat.Ann. art. 2212a § 2(c). Between Smith and Amtrak, each will have a right to contribution from the other in accordance with the jury assessment of negligence in this case. *See* art. 2212a § 2(f).

---

such distance and such engine by reason of its speed or nearness to such crossing is an immediate hazard;
    (d) An approaching train is plainly visible and is in hazardous proximity to such crossing.

2.  The Restatement categories are as follows:
    (a) the violation is reasonable because of the actor's incapacity;
    (b) he neither knows nor should know of the occasion for compliance;
    (c) he is unable after reasonable diligence or care to comply;

    (d) he is confronted by an emergency not due to his own misconduct;
    (e) compliance would involve a greater risk of harm to the actor or to others.

3.  Sample instructions may be found in Green & Smith, *Negligence Law, No-Fault, and Jury Trial-II*, 51 Texas L.Rev. 207, 211–17 (1973).

4.  In diversity cases, although state substantive law controls, federal law governs procedure. *Thompson v. Allstate Insurance Co.*, 476 F.2d 746 (5th Cir. 1973); *Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir. 1969).

The declaratory judgment, then, operates no differently here than collateral estoppel used offensively. The Supreme Court approved the offensive use of collateral estoppel in *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979), provided a defendant received a full and fair opportunity to litigate, suffered no procedural disadvantages because of opportunities unavailable in the prior litigation, and did not risk the possibility of inconsistent decisions. Smith engaged in a week long trial in which several hundred thousand dollars were at stake; Smith had, therefore, every incentive to litigate Amtrak's negligence, and its own absence from negligence, to the fullest extent. No other cases arising from the truck-train collision had been litigated; the risk of inconsistent decisions, particularly if this litigation is given collateral estoppel effect, is entirely eliminated.

■ We note, furthermore, that federal procedure governs this diversity action and determines the applicability of collateral estoppel. *Johnson v. United States*, 576 F.2d 606 (5th Cir. 1978); *Willis v. Fournier*, 418 F.Supp. 265 (M.D.Ga.), *aff'd in unpublished opinion*, 537 F.2d 1142 (5th Cir. 1976). "The very purpose of federal diversity jurisdiction is to avoid bias against parties from outside the forum state . . . [t]o permit [Smith Trucking Co.] to nullify a prior federal court judgment rendered in favor of [Amtrak], an out-of-state party, through subsequent state court action would fly in the face of that purpose." *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 716 n.6 (5th Cir. 1975), *cert. denied*, 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975). In any subsequent litigation against Smith arising out of this suit, Smith, therefore, shall be precluded from re-litigating the existence or scope of Amtrak's negligence. "[U]nder federal principles a party who has had a full and fair opportunity to litigate an issue decided in a prior suit may be precluded from relitigating that issue in a subsequent action, even though the subsequent adversary was not a party to the prior litigation." *Johnson v. United States*, 576 F.2d at 614.

■ With respect to any suit in which the plaintiff was a passenger on Amtrak, or any other party to whom Amtrak owes a higher duty of care by virtue of its status as a common carrier, the prior litigation between Smith and Amtrak shall not have collateral estoppel effect and the declaratory judgment will not be operative.

Article 2212a, which when applicable, prevails over article 2212, Tex.Rev.Civ.Stat. Ann. art. 2212a § 2(h) (Vernon Supp. 1979), provides for a system of comparative negligence and the apportionment of damages among negligent tortfeasors. Although article 2212a became effective in September, 1973, the Texas courts have not yet resolved the problem of contribution among joint tortfeasors when one tortfeasor owes a very high degree of care to the plaintiff and the other owes only ordinary care. The closest case on Amtrak's ability to collect contribution from Smith for a suit in which a plaintiff-passenger successfully sues is *Wheeler v. Glazer*, 137 Tex. 341, 153 S.W.2d 449 (1941), a pre-2212a case. In *Wheeler*, a passenger on a streetcar was injured when the streetcar was struck by Glazer's truck. The jury found only the truck company negligent and acquitted the streetcar company of all acts of alleged negligence proximately contributing to the passenger's injuries. Under those circumstances, the court found that the truck had violated a duty of care owed to the streetcar company and held the latter entitled to indemnity from the former under the common law. The court found that as to the passenger only, the streetcar company owed a very high degree of care, but as between the streetcar company and Glazer, the company owed the passenger no higher duty of care than did Glazer.

The *Wheeler* court further stated that even if the streetcar company had been required to pay damages to its passenger by reason of its failure to exercise a high degree of care for her protection, the company would nonetheless have been entitled to complete indemnity from Glazer at common law, because Glazer had breached a duty owed to the streetcar company, but the

streetcar company had breached no duty to Glazer. 153 S.W.2d at 452. In *Strakos v. Gehring*, 360 S.W.2d 787 (Tex.1962), the Texas Supreme Court explained that this result would follow from the fact that Glazer and the streetcar company would not have been equally culpable, but would have been guilty of different "qualities" of negligence and therefore unable to take advantage of statutory contribution provided in article 2212. *Id.* at 797–98. *See also Austin Road Co. v. Pope*, 147 Tex. 430, 216 S.W.2d 563 (1949).

Contribution was allowed between a negligent common carrier and a truck company for injuries to a passenger in *Union Iron and Metal Co. v. Gibson*, 374 S.W.2d 458 (Tex.Civ.App.—Texarkana, 1963, writ ref'd n. r. e.). In that case, one of the transit company's buses drove in front of the Union truck causing the truck to swerve and strike the second bus on which the passenger was injured. The jury found the truck driver, as well as the driver of the first bus, to be negligent. In reversing the trial court's award of indemnity to the bus company against Union for all of the passenger's damages, the court found Article 2212 applicable. Consequently, the court held the transit company and Union entitled to contribution against each other for any sum paid to the passenger above one-half of the amount awarded.

■ *Union Iron* and *Wheeler* dealt with the application of article 2212 and common law indemnity, respectively, while contribution between Amtrak and Smith, by contrast, falls under Art. 2212a which replaces article 2212 when the action is based on negligence. *New Terminal Warehouse Corp. v. Wilson*, 589 S.W.2d 465, 470 (Tex. Civ.App.—Houston [14th Dist.], 1979, no writ); *see generally*, Dorsaneo and Robertson, *Comparative Negligence in Texas*, 10 Texas Tech.L.Rev. 933 (1979). The purpose of section two of Article 2212a is to apply a scheme of comparative negligence to require contribution from each defendant in proportion to negligence attributable to him, rather than to require an equal contribution from each tortfeasor, but still to permit the injured party only one satisfaction. *Deal v. Madison*, 576 S.W.2d 409, 416 (Tex.Civ.App.—Dallas 1978, writ ref'd n. r. e.). Section 2(b) of that article provides as follows:

> In a case in which there is more than one defendant, and the claimant's negligence does not exceed the total negligence of all defendants, contribution to the damages awarded to the claimant shall be in proportion to the percentage of negligence attributable to each defendant.

It would be improper, then, under 2212a to allow Amtrak to recover contribution from Smith on the basis of the percentages fixed by the jury in this lawsuit for injuries to an Amtrak passenger caused partially by Amtrak's breach of its higher duty of care. Amtrak's and Smith's comparative negligence in such a situation has never been litigated. Therefore, in any case in which Amtrak's breach of its higher duty of care is found to be a producing or contributing cause of a plaintiff's injuries, contribution between Amtrak and Southern Pacific shall not be governed by the declaratory judgment but must be resubmitted for a proper apportionment.

AFFIRMED as MODIFIED.